It has been contended here, with much earnestness, that the judge erred in this instruction, for, that the jury might legitimately have inferred that there was but one note, from the concluding clause of the deed, the situation of the parties, and the failure of the plaintiff to show that there were two notes, and that the jury might have inferred that the one now sued on was the note intended by the parties to be included in the deed. We think that there was no error in the instruction, for (348) certainly the deed, per se, shows no mistake, and no extrinsic evidence could have been received at law to show a mistake. The deed transfers property to the plaintiff in trust, to pay a note particularly described as being for $500. There is no ambiguity or uncertainty in the description. Can the defendant at law be permitted to substitute another note of $430, and thus contradict the deed? In the construction of the deeds the first rule is that the intention of the parties is, if possible, to be supported, and the second rule is that this intention is to be ascertained by the deed itself; that is, from all parts of it taken together. In general no expression can be contradicted or explained by extrinsic evidence; and the intention collected from the four corners of the deed, is to govern the construction of every passage in it. Touch., 87; Burton on Real Property, 164, 165. The clause in the deed directing the trustee (who was holder of this bill) to pay the balance of the money, if any, to Belt, the maker, and the man primarily liable on it, shows only that this note was not thereby secured. But omissions cannot be supplied from arbitrary conjecture, though founded upon the highest degree of probability. Chapman v. Brown, 3 Bur. Rep., 1627; 3 Atk., 136; Andrew v.Ward, *Page 278 
1 Russ. Rep., 260, 279. The deed did not evidence, in any way in which we legally can take it, that the plaintiff had received property and money in trust to pay this bill of $430 and interest. The judgment must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Scull v. Pruden, 92 N.C. 173; Lowdermilk v. Bostick, 98 N.C. 303.
(349)