E. J. BAGWELL v. N. C. HINES AND R. W. WINSTON, JR.

(Filed 7 May, 1924.)

**Deeds and Conveyances—Estates—Remainder—Rule in Shelley's Case.**

Except when otherwise controlled by an arbitrary rule of law, as by the rule in *Shelley's case*, the interpretation of a deed should effectuate the intent of the parties; and where a fee simple is conveyed by a deed to brother and sister, in express terms, with *habendum* to them for and

during their joint lives, and to the survivor with remainder in fee to his or her heirs: *Held,* there is nothing in the *habendum* clause sufficient to affect the fee-simple title theretofore conveyed; and where the sister has died leaving her interest by will to her brother, the latter acquires the absolute fee-simple title to the entire estate.

CONTROVERSY without action submitted on case agreed before *Grady, J.,* presiding at March Term, 1924, of WAKE.

From the facts formally presented it appears that plaintiff has contracted to sell and convey a good title to defendants to a certain piece of real estate in said county, duly described in the contract, at the stipulated price of $10,000, and defendants, admitting the contract to purchase at the price stated, have declined to pay, alleging that plaintiff cannot make a good title in accordance with his contract.

The question is chiefly dependent on the terms of a deed for the land made in 1898 by W. J. Andrews to plaintiff and his sister, Martha J. Bagwell, and certain facts relevant to the present condition of the title therein conveyed:

"This deed, made this 28 February, 1898, by William J. Andrews, party of the first part, to E. J. Bagwell and Miss Martha J. Bagwell, parties of the second part, all of Wake County, State of North Carolina:

"Witnesseth: That the said William J. Andrews, for and in consideration of the sum of six hundred dollars ($600), in hand paid, the receipt of which is hereby acknowledged, has bargained, sold and conveyed, and by these presents does hereby bargain, sell and convey to said E. J. Bagwell and Miss Martha Bagwell, their heirs and assigns, in fee simple, a certain tract of land lying and being about four (4) miles west of the city of Raleigh, and described as follows:

"To have and to hold the said premises above described, with all the appurtenances, rights, tenements, hereditaments and privileges thereto in any wise appertaining or belonging, to the said E. J. Bagwell and Miss Martha Bagwell, for and during their joint lives, with a remainder to the survivor for and during his or her life, and after his or her death the remainder in fee to the heirs of E. J. Bagwell and Miss Martha J. Bagwell: *Provided,* that the said E. J. Bagwell and Miss Martha J. Bagwell, or either of them, shall have the right to change their said and several estates by duly executed note or notes and mortgage or mortgages."

That Martha J. Bagwell, the sister, never having married, died without issue, leaving a last will and testament in which her entire property, including her interest in the land, is devised to plaintiff, her brother, who has never married.

Upon the facts pertinent to the inquiry, the court being of opinion that the title offered was a good one, gave judgment for plaintiff, and defendants excepted and appealed.

*A. B. Andrews* for plaintiff.
*Winston & Brassfield* for defendants.

HOKE, J. It was formerly held in this jurisdiction, and with some strictness, that the *habendum* of a deed was not allowed to destroy an estate or interest definitely conveyed in the premises or to create an estate that was necessarily repugnant to it. *Wilkins v. Norman,* 139 N. C., 39; *Blackwell v. Blackwell,* 124 N. C., 269; *Rowland v. Rowland,* 93 N. C., 214; *Hafner v. Irwin,* 20 N. C., 570. The position was somewhat modified in the well-considered case of *Triplett v. Williams,* 149 N. C., 394, opinion by *Associate Justice Brown,* wherein it was held that except when otherwise controlled by an arbitrary rule of law, as by the rule in *Shelley's case,* the question was largely one of intent, and if on a perusal of the entire instrument, including the *habendum,* it clearly appeared that a lesser estate was intended than that conferred in the premises, such a construction should prevail and the intent of the grantor be given effect, a case that has been cited with approval in numerous decisions of the Court.

Considering the record in view of these positions and in full recognition of the principle approved in *Triplett v. Williams,* we are of opinion that his Honor was clearly right in his decision that the plaintiff can make a good title to the property. In the premises of the deed a fee simple in the property is clearly conveyed to plaintiff and his sister— it says so in express terms—and there is nothing in the subsequent portions of the deed that is necessarily repugnant to the estate and interest so definitely conferred.

True, in the *habendum* the deed seems to indicate that the grantees should first be the recipients of a life estate and with a life estate to the survivor, but in this part of the deed the interest conveyed would seem to be a fee simple under the rule in *Shelley's case, Walker v. Taylor,* 144 N. C., 175, and assuredly there is in the *habendum* no repugnancy expressed with sufficient clearness to affect or modify the definite estate in fee simple conveyed to plaintiff and his sister in the premises of the deed. The sister having died leaving a last will and testament conveying all of her interest to plaintiff, in our opinion, as stated, the title offered is a good one and defendants must be held to comply with their contract of purchase.

Affirmed.