### E. A. SHEPHARD AND WIFE v. E. L. HORTON ET AL.

#### (Filed 19 December, 1924.)

**1. Deeds—Rule in Shelley's Case.**

> The application of the rule in *Shelley's case* will not be made to a deed for lands where there is no limitation in fee or in tail by way of remainder.

**2. Same—Interpretation—Intent.**

> In construing a deed, effect is given to the intent of the grantor as gathered from its language, unless such intention is otherwise controlled by an arbitrary rule of law.

**3. Same—Filled-in Forms.**

> Where a printed form of a deed has been used and the blank spaces filled in by the grantor, any conflict between the written and printed parts will be construed to effectuate the intention expressed by the former; and where the form thus used is for a fee-simple deed, and the written interlineations confine the estate to the lifetime of the grantee, leaving the printed relative parts in blank, the estate granted will be construed as for the life of the first taker, and the rule in *Shelley's case* has no application.

APPEAL by plaintiff from *Webb, J.,* at August Term, 1924, of YANCEY.

On 2 January, 1918, H. E. Horton executed and delivered to Victory Horton (now Victoria Horton Shephard, the *feme* plaintiff) a deed, the material parts of which follow: "This deed....... .... ....... by Harriett E. Horton.... .... .............. to Victory Horton, witnesseth: That the said Harriett E. Horton in consideration of one thousand dollars, to her paid by the party of the second part, ·the receipt of which is hereby acknowledged, has bargained and sold, and by these presents does bargain, sell and convey to the said party of the second part during her natural life and ..............heirs and assigns, a certain tract or parcel of land, etc."

"To have and to hold the aforesaid tract or parcel of land during her natural life, with any and all privileges and appurtenances thereto belonging to the said Victory Horton, ................ heirs and assigns, to her only use and behoof forever. And the said Harriett E. Horton covenant to and with the said Victoria Horton, heirs and assigns that she is seized of said premises in fee, and has a right to convey the same in fee simple, that the same are free from all encumbrances, and that she will warrant and defend the said title to the same against the claims of all persons whatsoever."

The deed was written on a printed blank form prepared for general ·use and the words "during her natural life" were written by the draftsman. The blank space in which the word "her, his or·their" is usually written before the word "heirs" was not filled. ·

The trial judge held as a matter of law that the deed conveyed to the *feme* plaintiff only a life estate, and she thereupon took a nonsuit and appealed. The only question is whether there is error in this ruling.

R. W. Wilson for plaintiff.
Watson, Hudgins, Watson & Fouts for defendants.

ADAMS, J. That the estate conveyed by the deed is a fee simple under the rule in *Shelley's case,* as the plaintiff contends, is a proposition which in our opinion cannot be maintained. This is evident from the language of the rule itself: "Where a person takes an estate of freehold, legally or equitably, under a deed or will, or other writing, and in the same instrument there is a limitation by way of remainder, either with or without the interposition of another estate, of any interest of the same legal or equitable quality to his heirs, or heirs of his body, as a class of persons to take in succession from generation to generation, the limitation to the heirs entitles the ancestor to the whole estate." 4 Kent Com. (215). It is also evident from the decisions. One of the prerequisites to the application of the rule is a limitation in fee or in tail by way of remainder, and such limitation does not appear in the conveyance. *Reid v. Neal,* 182 N. C., 192; *Willis v. Trust Co.,* 183 N. C., 267; *Hampton v. Griggs,* 184 N. C., 13; *Fields v. Rollins,* 186 N. C., 221; *Bank v. Dortch,* 186 N. C., 510; *Walker v. Butner,* 187 N. C., 535.

In the construction of deeds the primary rule is to ascertain the real intention of the parties and then to give it effect, unless such intention is controlled by an arbitrary rule of law, as in *Shelley's case.* *Bagwell v. Hines,* 187 N. C., 690. This principle is fairly exemplified in *Triplett v. Williams,* 149 N. C., 394. The deed there presented for interpretation contained the words "Unto the grantee and her heirs forever," followed, after the description, by the habendum, "To have and to hold unto the grantee during her lifetime, and at her death to be divided between her children." Taking the whole deed into consideration with a view to effectuating the purpose of the grantors, the Court held that it was their intention to convey to the designated grantee only a life estate with a remainder over to her children. Antiquated technicalities, it was said, should not be permitted to override the intention expressed by the makers of the deed; and if there should be doubt as to their intention the court should adopt such construction as would accord with their presumed meaning. Among the many decisions upholding this principle the following may be cited. *Ipock v. Gaskins,* 161 N. C., 674; *Guilford v. Porter,* 167 N. C., 366; *Gold Mining Co. v. Lumber Co.,* 170 N. C., 273; *Revis v. Murphy,* 172 N. C., 579;

*Williams v. Williams,* 175 N. C., 160; *Willis v. Trust Co., supra; Berry v. Cedar Works,* 184 N. C., 187; *Seawell v. Hall,* 185 N. C., 80.

Another principle to be considered is this: Ordinarily the written and printed parts of a deed are equally binding; but if they are inconsistent the writing will prevail over the printed form. *Miller v. Mowers,* 81 N. E. (Ill.), 420; *De Paige v. Douglas,* 136 S. W. (Mo.), 345; *In re Brookfield,* 176 N. Y., 138; 18 C. J., 258 (206). The deed construed in the first of these cases contained the words, "Grant, bargain and sell unto the said party of the second part, *her* heirs and assigns, all the following described lands. . . . *during her natural lifetime,*" followed by the habendum "To have and to hold the said premises . . . unto the said party of the second part, *her* heirs and assigns, *during her natural lifetime.*" Only the words in italics were written in the deed, the others being a part of the printed form; and it was held that the written words controlled the construction, that the grantee took a life estate, and that it was unnecessary to reform the deed.

The facts in the case before us are almost identical. As to form, the deed was printed in part and written in part, the words "during her natural life" being in writing. On account of the inconsistency between the written and the printed parts the deed is ambiguous, and, as suggested, we must consider the intention. If the printed form had not been used the words "heirs" would evidently have been omitted, and the intention of the parties would, no doubt, have been more clearly expressed.

If the foregoing principles be applied we must conclude that the deed vests in the grantee an estate for life and not in fee.

