CHARLES L. McNEILL, LEE W. McNEILL, ANNA K. McNEILL, ORA BELLE McNEILL SIMMERLY, AND RILEY B. McNEILL, v. EDWARD BLEVINS AND ALICE BLEVINS.

(Filed 21 October, 1942.)

1. Deeds § 11—

The court seeks to ascertain the intent of the parties as embodied in the entire instrument, and each part of a deed must be given effect if this can be done by reasonable interpretation, and it is only after subjecting an instrument to this principle of construction that a subsequent clause may be rejected as repugnant or irreconcilable.

**2. Deeds §§ 13a, 15—**

Where the entire estate, in unmistakable terms, is given the grantee in a deed, both in the premises and *habendum*, the warranty being in harmony therewith, other clauses in the deed, repugnant to the estate and interest conveyed, will be rejected.

**3. Same—**

The fee simple title conveyed to A in a regular warranty deed is not divested or limited by a clause, after the description, that the grantors "doth hereby except or retain our life's maintenance from off the land described above, and after our expiration this land with all interest and appurtenances thereto shall all belong to said A and his children only."

Appeal by plaintiffs from *Johnston, Special Judge,* at March Term, 1942, of Mitchell. Affirmed.

This was an action to remove cloud from plaintiffs' title to certain land, and was heard upon an agreed statement of facts. From judgment thereon that plaintiffs had no title to the land, and that the defendants were the owners thereof, the plaintiffs appealed.

*Huskins & Wilson for plaintiffs.*
*M. L. Wilson and Charles Hutchins for defendants.*

Devin, J. The determination of the question presented by this appeal depends upon the construction of the deed under which both plaintiffs and defendants claim. The pertinent portions of the deed are as follows:

"This deed, made this 21st day of August 1911, by R. N. McNeal and Margaret McNeal, of Mitchell County and State of North Carolina, of the first part, to Chas. L. McNeal, of Mitchell County and State of North Carolina, of the second part: Witnesseth, that said R. N. McNeal and his wife, Margaret McNeal, in consideration of ten dollars, to them paid by Chas. L. McNeal, the receipt of which is hereby acknowiedged, have bargained and sold, and by these presents doth bargain, sell and convey to the said Chas. L. McNeal his heirs and assigns, a certain tract or parcel of land in Mitchell County (describing it). We, R. N. McNeal and Margaret McNeal doth hereby except or retain our life's maintenance from off the land described above, and after our expiration this land with all interest and appurtenances thereto shall all belong to said Chas. L. McNeal and his children only.

"To have and to hold the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging to the said Chas. L. McNeal, his heirs and assigns, to their only use and behoof forever," with covenants of seizin and warranty to "Chas. L. McNeal, his heirs and assigns."

It appears from the facts agreed that in 1926 Chas. L. McNeal, the grantee named in the deed, and his wife executed to the defendants a

mortgage on the described land to secure a debt. Default having been made in the payment of the debt, and in accordance with the power of sale contained in this mortgage, the mortgagees in 1941 sold the land at public auction and Taylor Blevins became the last and highest bidder. In due course deed was accordingly executed by the mortgagees and delivered to Taylor Blevins.

The plaintiffs are children of Chas. L. McNeal, and now spell the name McNeill. R. N. McNeal and wife are dead. The plaintiffs contend that by the clause immediately following the description in the quoted deed the grantors limited the conveyance to Chas. L. McNeal and his children; that while Chas. L. McNeal had no children at the time of the execution of the deed, Lee McNeill, born 2 January, 1912, was *in esse,* and that he and Chas. L. McNeill took as tenants in common. *Cullens v. Cullens,* 161 N. C., 344, 77 S. E., 228.

We are unable to agree with this construction of the deed. We do not think that the reservation of a charge on the land in favor of the grantors, followed by the expression that after their death the land should belong to Chas. L. McNeal and his children, should be held to express the intention on the part of the grantors to divest or limit the fee simple title which they had definitely conveyed; both in the premises and in the *habendum,* in both the preceding and subsequent clauses of the deed, to Chas. L. McNeal and his heirs.

It does not appear that the grantors by the insertion of this clause intended to introduce a new grantee, or that that interpretation should be given the language employed. At that time Chas. L. McNeal had no children in being. The premises of the deed designated the grantee as Chas. L. McNeal. The thing granted was described. The conveyance was in fee simple. Both the *habendum* and the warranty are in accord. No contingency is suggested upon which the title previously conveyed should be divested or limited. *Boyd v. Campbell,* 192 N. C., 398, 135 S. E., 121. If the clause be given the effect contended by plaintiffs, it would introduce an additional grantee, while in all other parts of the deed the conveyance is to Chas. L. McNeal alone. *Bryant v. Shields,* 220 N. C., 628, 18 S. E. (2d), 157.

Unquestionably the cardinal principle in the construction of deeds is to discover the intent of the grantors, and it is equally true that this intent is to be ascertained from the language of the deed itself; that is, from all parts of the instrument taken together. *Dismukes v. Wright,* 20 N. C., 346; *McIver v. McKinney,* 184 N. C., 393, 114 S. E., 399; *Heyer v. Bulluck,* 210 N. C., 321, 186 S. E., 356. While it has been declared that as a rule, if there are repugnant clauses in a deed, the first will control and the last will be rejected (*Benton v. Lumber Co.,* 195 N. C., 363, 142 S. E., 229, and *Boyd v. Campbell, supra*), this rule will

not be allowed to prevail against the obvious intention of the parties to the deed. It was said in *Bryant v. Shields,* 220 N. C., 628, 18 S. E. (2d), 157: "The principle is also established that for the purpose of ascertaining the intent of the maker all parts of the deed should be considered, but in doing so recognized canons of construction and settled rules of law may not be disregarded."

The court seeks to ascertain the intent of the parties as embodied in the entire instrument, and each part of the deed must be given effect if this can be done by reasonable interpretation, and it is only after subjecting an instrument to this principle of construction that a subsequent clause may be rejected as repugnant or irreconcilable. *Triplett v. Williams,* 149 N. C., 394, 63 S. E., 79; *Bagwell v. Hines,* 187 N. C., 690, 122 S. E., 659; *Lee v. Barefoot,* 196 N. C., 107, 144 S. E., 924.

In *Wilkins v. Norman,* 139 N. C., 40, 51 S. E., 797, it was said: "The entire estate, in unmistakable terms, is given the grantee both in the premises and the *habendum.* The warranty is in harmony with the preceding parts of the deed; following the warranty there is introduced two entirely new clauses, both repugnant to the estate and interest conveyed." Upon the facts thus stated the repugnant clauses were rejected.

The principles upon which the decision in *Shephard v. Horton,* 188 N. C., 787, 125 S. E., 539, was based are not controlling on this record. In that case it was said that "ordinarily the written and printed parts of a deed are equally binding; but if they are inconsistent the writing will prevail over the printed form." Here the facts are not such as to invoke that principle. While the clause relied on by plaintiffs was written in ink, on a partly printed form, it also appears that in each instance in which apt words of conveyance designated Chas. L. McNeal as sole grantee, the words "Chas. L. McNeal and his heirs" were also written in ink.

No point is made of the fact that the grantee in the deed from the mortgagees is not a party here. It was said that he took with notice of plaintiffs' suit. However, as it has been adjudged that plaintiffs have no title to the land, the fact that Taylor Blevins does not appear as a formal party has now become immaterial.

Judgment affirmed.