WILLIAM BRYAN PILLEY AND WIFE, CORA W. PILLEY, v. R. O. SMITH.

(Filed 2 March, 1949.)

**1. Deeds § 13a—**

> The granting clause and the *habendum* of the deed in question conveyed a fee simple and the warranty clause was in harmony therewith. Following the description and just before the *habendum* was inserted a paragraph reserving a life estate to grantors and providing that upon their death the conveyance should be in full force to the grantees "their lifetimes then to their children" with provision that if any of them should die without children, his share should go back to the "family." *Held:* The deed conveyed a fee simple. G.S. 39-1, *Artis v. Artis,* 228 N.C. 754. Whether the reservation of the life estate was effective, *quærre?*

**2. Same—**

> The granting clause is the very essence of the contract.

APPEAL by defendant from *Morris, J.,* December Term, 1948, of BEAUFORT.

Controversy without action submitted on agreed statement of facts.

Plaintiffs, being under contract to convey to the defendant a 130-acre tract of land in Pantego Township, Beaufort County, duly executed and tendered deed sufficient in form to invest the defendant with a fee-simple title to the property, and demanded payment of the purchase price as agreed, but the defendant declined to accept the deed and refuses to make payment of the purchase price, alleging the title offered to be defective.

On the facts agreed, the court being of opinion that the deed tendered was sufficient to convey a good title, gave judgment for the plaintiffs, from which the defendant appeals, assigning error.

*John A. Mayo for plaintiffs, appellees.*
*M. C. Paul for defendant, appellant.*

STACY, C. J.  On the hearing the question in difference was made to turn on the construction of a deed of gift from W. H. Pilley and wife to their five children, including the plaintiff herein, William Bryan Pilley.

The deed is dated 15 December, 1910, and was duly registered 17 January, 1911.  The words used (1) in the granting clause, "to said parties of the second part, their heirs and assigns," (2) in the *habendum* "to the said parties of the second part, their heirs and assigns, their only use and behoof forever," and (3) in the warranty, "covenant with said parties of the second part, their heirs and assigns, that they are seized of said premises in fee and have right to convey in fee simple . . . and doth hereby forever warrant . . . the said title," are words of inheritance and indicate a conveyance in fee.  *Whitley v. Arenson,* 219 N.C. 121, 12 S.E. 2d 906.

Following the description and just before the *habendum* is inserted a paragraph in these words: "The parties of the first part except their life estate in this deed for their use their life time after our death it may be in full force to the five children their lifetimes then to their children, if any of them die without any children their share shall go back to the Pilley family."

The grantors in the deed, W. H. Pilley and wife, are both dead.  All five of the grantees are now married and have living children.  They, therefore, survived their parents, as did another single daughter who was born 16 July, 1913.

The trial court held that under the decision in *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228, the five children of W. H. Pilley and wife, named as grantees in the deed of 15 December, 1910, took a fee-simple title to the lands conveyed thereby.

Whether the reservation of the grantors' life estate would have been valid is not presented for consideration. *Brown v. Brown,* 168 N.C. 4, 84 S.E. 25. The question is now moot. The remainder of the clause may not affect the operative provisions of ·the deed, as no clear, effective, intentional deviation therefrom is made manifest by this portion of the inserted clause. Indeed, in the inserted clause itself the "full force" of the deed is again declared after the death of the grantors. This would seem to render the added inconsistency or repugnancy inoperative. *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157; *Bagwell v. Hines,* 187 N.C. 690, 122 S.E. 659. *Cf. Lee v. Barefoot,* 196 N.C. 107, 144 S.E. 547. "The granting clause is the very essence of the contract." 16 Am. Jur. 567. The *habendum* and the warranty in the instant deed are in harmony with the granting clause, and these are reaffirmed in the inserted paragraph. Hence, the ruling below will be upheld on authority of the *Artis case* and the statute which provides that a conveyance of real estate shall be held and construed to be a conveyance in fee, "unless such conveyance, in plain and express words shows, or it is plainly intended by the conveyance or some part thereof, that the grantor meant to convey an estate of less dignity." G.S. 39-1; *Triplett v. Williams,* 149 N.C. 394, 63 S.E. 79.

It is conceded that if the deed in question be construed to convey a fee, the remaining questions presented by the appeal are perforce eliminated.

Affirmed.