MARY SWAIM AND BETTY ROYAL v. ELLEN SWAIM.

(Filed 19 March, 1952.)

**Husband and Wife § 14—**

> A husband owned land and conveyed it, with the joinder of his wife, in consideration of the grantees' supporting and maintaining grantors for life. Thereafter the grantees reconveyed the land to the husband and wife upon consideration of one dollar and the further consideration to restore the *status quo*, with warranty to defend title against claims of all persons "in so far as they are obligated under the premises, and to restore the *status quo*." *Held:* The second deed conveyed an estate by entireties to the husband and wife, and upon the husband's death, the wife is the sole owner.

APPEAL by plaintiffs from *Gwyn, J.*, at November Term, 1951, of YADKIN.

Special proceeding instituted by petitioners, heirs at law of Milas A. Swaim, deceased, for allotment of dower to defendant as widow of Milas A. Swaim, deceased. Defendant, answering, pleads sole seizin of land involved.

When the case came on for hearing in Superior Court the parties waived trial by jury, and agreed that the court hear the evidence, find the facts, and render judgment pursuant to such findings.

The court found these facts:

1. On 1 May, 1922, Milas A. Swaim acquired title in fee simple to 28.5 acres of land as described in the complaint.

2. On 3 March, 1931, Milas A. Swaim and wife, Ellen R. Swaim, acquired title in fee simple as tenants by the entirety to nine acres of land.

3. On 16 December, 1949, Milas Swaim and wife, Ellen R. Swaim, conveyed both of said tracts to Guthrie C. Pinnix and wife Lula Pinnix, in fee simple, reserving a life estate to themselves, Exhibit C, attached.

(In Exhibit C, registered in Yadkin County in Book 70 of Deeds at page 156 (a) the parties named are "Milas A. Swaim and wife, Ellen R. Swaim . . . of the first part, to Guthrie C. Pinnix . . . of the second part"; (b) the recited consideration is: "One dollar and other valuable considerations"; (c) the granting clause reads: "To said Guthrie C. Pinnix, his heirs and assigns . . . a certain tract of land . . .," the first tract being specifically described as in the complaint, containing 28.50 acres more or less; (d) the *habendum* reads: "To have and to hold the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said Guthrie C. Pinnix, his heirs and assigns, to their only use and behoof forever"; (e) the covenants are "with said Guthrie C. Pinnix, his heirs and assigns."

(And after the description, and before the *habendum* in this deed Exhibit C, there appears the following: "The consideration of this conveyance being as follows: 'That the said Milas A. Swaim and wife, Ellen R. Swaim, grantors herein, do hereby reserve unto themselves and to the survivor of them a life estate in both of the above described tracts of land. That the said Guthrie C. Pinnix, the grantee herein, shall well and truly look after and care for the said Milas A. Swaim and wife, Ellen R. Swaim, for and during their natural lifetime, shall properly support and maintain them and shall see to it that they are both well cared for during their lifetime and shall see to it that all doctors' bills are paid, a decent funeral given to each of the grantors herein and shall erect at their graves a suitable monument, and after the death of both the said Milas A. Swaim and wife, Ellen R. Swaim, the said Guthrie C. Pinnix shall then own the said lands in fee simple.' "

(Also after the covenant of warranty—"against the claims of all persons whomsoever," the following appears: "Except that the said Milas A.

Swaim and wife, grantors herein, do hereby reserve unto themselves and to the survivor of them a life estate in the above described lands, and said Guthrie C. Pinnix, grantee herein, shall well and truly do and perform the duties as herein stated.")

4. On 19 December, 1949, Guthrie C. Pinnix and wife Lula Pinnix, conveyed both tracts to the original grantors, Milas Swaim and wife, Ellen R. Swaim, by separate deeds in fee simple, which deeds are attached as Exhibits A and B, respectively, and made a part of the findings of fact as fully as if set forth *verbatim.*

(In Exhibit A, (a) The parties named are "Guthrie C. Pinnix and wife, Lula Pinnix . . . of the first part, to Milas A. Swaim and wife, Ellen R. Swaim . . . of the second part"; (b) the recited consideration is "one dollar and other valuable considerations Dollars to them paid by Milas Swaim and wife, Ellen R. Swaim"; (c) the granting clause reads: "to the said Milas A. Swaim and wife, Ellen R. Swaim, their heirs and assigns"; (d) the description is the 28.50 acre tract described in the complaint; (e) the *habendum* reads: "To have and to hold the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said Milas A. Swaim and wife, Ellen R. Swaim, their heirs and assigns, to their only use and behoof forever"; (f) the covenants are "with the said Milas A. Swaim and wife, Ellen R. Swaim, their heirs and assigns."

(And after the description, and before the *habendum* in the deed Exhibit A, there appears the following: "The further considerations of this deed being to reconvey to the said Milas A. Swaim all of the right, title and interest that the said Guthrie C. Pinnix has in and to said lands by reason of said deed recorded in Book 70, at page 156, Record of Deeds for Yadkin County, North Carolina, and to restore all parties hereto to all rights and privileges existing between the said parties heretofore and to release and discharge each and all of said parties from any and all obligations stated in said deed, and to restore the *status quo* to all parties hereto as existing at the time of the making of said deed. The above described lands were conveyed to grantors by Milas A. Swaim and wife. See Book 70, page 156."

(Also, the covenants of warranty conclude with the following: "Against the claims of all persons whomsoever in so far as they are obligated to do under the premises, and to restore the *status quo* to all parties hereto as existing at the time of making said deed as recorded in Book 70 at page 156, Record of Deeds for Yadkin County, North Carolina.")

(In Exhibit B: (a) The parties, (b) the recited consideration, (c) the granting clause (except to land described), (d) the *habendum,* and the parties with whom covenants are made, are the same as in the deed Ex-

SWAIM *v.* SWAIM.

hibit A as above set forth. The land conveyed is the "second tract" in the deed Exhibit C.

(Also there are inserted in the deed Exhibit B (1) a paragraph after the description, and before the *habendum* which reads as follows: "The further considerations of this deed being to reconvey to the said Milas A. Swaim and wife, Ellen R. Swaim, all of the right, title and interest that the said Guthrie C. Pinnix has in and to said lands by reason of the said deed recorded in Book 70 at page 156, Record of Deeds for Yadkin County, North Carolina, and to restore all parties hereto to all rights and privileges existing between the said parties heretofore and to release and discharge each and all of said parties from any and ....... .....obligations stated in said deed and to restore the *status quo* to all parties hereto as existing at the time of making of said deed. The above described lands were conveyed to grantors by Milas A. Swaim and wife. See Book 70, page 156;" and (2) covenants of warranty concluding in identical language to that appearing similarly in Exhibit A, all as above set forth.)

5. Milas Swaim is now dead, and plaintiffs, his heirs, claim title to the land and seek to have partition subject to the dower of Ellen R. Swaim.

6. The parties hereto claim title from a common source, and it is agreed that the rights of the parties depend upon the legal interpretation of the deeds of conveyance hereinabove described.

The court being of the opinion that the clause contained in the deed from Guthrie C. Pinnix and Lula Pinnix, to Milas Swaim and wife, Ellen R. Swaim, marked Exhibit A, conveying to the grantees the 28.5 acres of land, which reads as follows: " 'The further consideration of this deed being to reconvey to the said Milas A. Swaim all of the right, title and interest that the said Guthrie C. Pinnix has in and to said lands . . . and to restore all parties hereto to all rights and privileges existing between the said parties hereto, and to release and discharge each and all of said parties from any and all obligations stated in said deed, and to restore the *status quo* to all parties hereto, as existing at the time of the making of said deed,' is repugnant to the premises, and the *habendum,* and is therefore void to the extent of its repugnancy; and further, that the term 'to restore the *status quo* to all parties' refers to the status as between the grantors on the one hand and the grantees on the other, and not as between the grantors themselves," ordered and adjudged that the defendant Ellen R. Swaim is the sole owner in fee simple of the 28.5 acre tract, and also the 9-acre tract.

"To the findings of fact, the conclusions of law and the signing of the foregoing judgment and rulings of the court, plaintiffs object. Objection overruled, and plaintiffs except," and appeal to Supreme Court and assign error.

*Hall & Zachary for plaintiffs, appellants.*
*A. T. Grant and Thad Reece for defendant, appellee.*

WINBORNE, J.　Since the sole error assigned by appellants on this appeal is to the signing of the judgment appearing of record, this is the pivotal question: Did the deed, Exhibit A, from Guthrie C. Pinnix and wife, Lula Pinnix, to Milas A. Swaim and wife, Ella R. Swaim vest in Milas A. Swaim and his wife, Ella R. Swaim, an estate by the entirety in fee simple in and to the 28.5 acre tract of land therein conveyed? The judgment is based upon an affirmative answer to this question. The ruling is in keeping with, and will be upheld upon authority of *Artis v. Artis*, 228 N.C. 754, 47 S.E. 2d 228, and *Pilley v. Smith*, 230 N.C. 62, 51 S.E. 2d 923, and the statute G.S. 39-1, which provides that a conveyance of real estate shall be held and construed to be a conveyance in fee "unless such conveyance, in plain and express words shows, or it is plainly intended by the conveyance or some part thereof, that the grantor meant to convey an estate of less dignity."

Affirmed.