JOHN G. KENNEDY AND MINA B. KENNEDY, HIS WIFE; RUBY K. BRINSON AND JESSE F. BRINSON, HER HUSBAND; LILA K. LANIER; SALLY JO KENNEDY, MINOR; GORDON BENNETT KENNEDY, JR., MINOR; GEORGE EDWARD KENNEDY, MINOR; REPRESENTED HEREIN BY THEIR NEXT FRIEND, CHRISTINE J. KENNEDY, PETITIONERS, v. HAZEL BROWN KENNEDY, DEFENDANT.

(Filed 5 November, 1952.)

**1. Deeds § 13a—**

Where the granting clause, the *habendum,* and the warranty are clear and unambiguous and are fully sufficient to pass immediately a fee simple estate, *held* a paragraph after the description which seeks to reserve a life estate in grantor will be rejected as being repugnant.

**2. Dower § 2—**

Where a clause in a deed seeking to reserve a life estate in grantor is ineffective, so that the grantee obtains the immediate fee simple title to the lands, upon the death of the grantee his widow's dower attaches

thereto notwithstanding his death prior to the death of the supposed life tenant.

**3. Dower § 8a—**

Where, in a proceeding to allot dower in certain lands, defendant widow successfully asserts her right to dower in other lands as well as those set out in the petition, the court is authorized to appoint jurors for the allotment of dower in such other lands.

APPEAL by petitioners from *Nimocks, J.,* March Term, 1952, DUPLIN. Special proceeding for the allotment of dower.

Hobart A. Kennedy died intestate in Duplin County on 16 December, 1950. The petitioners are collateral relatives and heirs at law of the deceased and the defendant is the widow of the deceased.

The petitioners allege that deceased at the time of his death was the owner of the tracts of land fully described in the petition and amendment to petition, and ask that the dower of the defendant be assigned in said lands. It is conceded by all parties that the defendant is the owner of a dower and entitled to have the same allotted in the lands described in the petition and amendment to petition.

The defendant answered asserting that, in addition to the lands above referred to, her husband at the time of his death owned and was beneficially seized of three other parcels of land in which she was also entitled to dower. These parcels of land were acquired by deceased in the following manner:

(1) Deed, dated 30 October, 1935, from Josephine Grissom Kennedy and husband, G. W. Kennedy, to H. A. Kennedy, conveying 22.4 acres of land.

(2) Deed, dated 4 June, 1934, from G. W. Kennedy and wife, Josephine Kennedy, to Hobart Kennedy, conveying a lot in town of Beulaville.

(3) Deed, recorded 19 May, 1944, from Josephine Kennedy, widow, to Hobart A. Kennedy, conveying a lot in town of Beulaville.

The controversy arises over the form and substance of these three conveyances. The petitioners contend that the deceased owned a fee in remainder, subject to life estates, and that he was not so beneficially seized of these parcels of land during the coverture as to entitle his widow to dower in this property. The defendant takes the opposite view.

Each of the deeds is regular in form and contains full covenants and warranties. In each deed at the end of the description and in a separate paragraph, the following language appears:

First deed: "G. W. Kennedy and wife Josephine G. Kennedy hereby reserve their life estate in the above described tract of land."

Second deed: "The life estate of the grantors is excepted in the above mentioned land."

Third deed: "The life estate of the said Josephine Kennedy is reserved in the above described land."

With the exception of the above quoted language, each of the deeds is a regular fee simple deed, with no restrictions in the granting clause, in the *habendum* clause, nor in the warranty clause.

While the order of the clerk does not appear in the record, the judgment of the court below discloses that when the matter came on for hearing before the clerk, he sustained the position of the petitioners, and the defendant appealed. The trial court, after finding the necessary and appropriate facts, reversed the order of the clerk and held that the defendant is entitled to dower in all of the lands described in the pleadings, and appointed jurors with instructions to allot the widow's dower accordingly.

From this judgment, the petitioners appealed, assigning error.

*Russell J. Lanier and Grady Mercer for petitioners, appellants.*
*Henry L. Stevens III, and E. Walker Stevens for defendant, appellee.*

VALENTINE, J.   Does the language appearing at the end of the description in each of the three deeds under which Hobart A. Kennedy took title to the lands in question have the effect of creating life estates in the grantors named in said deeds? This question must be answered in the negative.

The recent case of *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228, furnishes abundant authority for the position here taken.

In the deeds now under consideration, the words of the granting clause, the *habendum* clause, and the warranty are clear and unambiguous and are fully sufficient to pass immediately a fee simple title to Hobart A. Kennedy upon delivery of the deeds. Those operative clauses constitute an unrestricted conveyance of the land. *Whitley v. Arenson,* 219 N.C. 121, 12 S.E. 2d 906; *Artis v. Artis, supra.* It is well established that the granting clause, when clear, specific and unequivocal, will generally prevail over other recitals in the conveyance. 16 A.J. 575; *Mayberry v. Grimsley,* 208 N.C. 64, 179 S.E. 7. This is especially true when, as in the present case, all other operative provisions of the deed are consonant with the granting clause.

In the *Artis case, Winborne, J.,* speaking for the Court, said: "Ordinarily the premises and granting clauses designate the grantee and the thing granted,—while the *habendum* clause relates to the *quantum* of the estate. 'The granting clause is the very essence of the contract.' 16 Am. Jur., 567. *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157. And the *habendum,* in the present case, is in harmony with the granting clause. Therefore, the clause undertaking to divest or limit the fee simple title which had been conveyed unqualifiedly . . . is repugnant to both the

granting clause and the *habendum*. Hence the granting clause will prevail and the repugnant clause will be rejected." Citing *Blackwell v. Blackwell,* 124 N.C. 269, 32 S.E. 676; *Wilkins v. Norman,* 139 N.C. 40, 51 S.E. 797; *Bryant v. Shields, supra; McNeill v. Blevins,* 222 N.C. 170, 22 S.E. 2d 268.

It clearly appears, in the present case, that the language appearing immediately after the description in each deed attempts to cut down or limit the estate conveyed and is therefore inconsistent with and repugnant to all other provisions of the deed, including the granting clause. Consequently, the incompatible recital must yield to the more effective operative clauses, and must be rejected as repugnant.

We therefore conclude that a fee simple title to the lands in question passed to Hobart A. Kennedy immediately upon the delivery of the deeds, and that his widow is entitled to dower in all of the lands described in the pleadings. G.S. 30-5; *Trust Co. v. Watkins,* 215 N.C. 292, 1 S.E. 2d 853. The court below was fully authorized to proceed with the appointment of jurors for the allotment of the dower. *Campbell v. Murphy,* 55 N.C. 357; *Trust Co. v. Watkins, supra; Artis v. Artis, supra.*

For the reasons assigned, the judgment below is
Affirmed.