E. WORTH JEFFRIES AND WIFE, RUBY JEFFRIES, v. JOSEPH PARKER.

(Filed 6 January, 1953.)

**Deeds § 13a—**

> Where the granting clause conveys an unqualified fee and the *habendum* contains no limitation thereon, and grantor warrants a fee simple title, *held* a provision following the description stating that if one of the grantees died before disposing of his interest, his share should go to the other grantee, is deemed mere surplusage without force and effect as being repugnant to the fee.

APPEAL by defendant from *Carr, J.,* in Chambers, 13 September 1952, ALAMANCE.

Civil action to enforce specific performance of a contract to purchase real property.

On 21 January 1919, Mary J. Jeffries conveyed the *locus* to E. Worth Jeffries and James H. Jeffries by deed of record in Alamance County. E. Worth Jeffries and James H. Jeffries are named as parties of the second part in the premises. The granting clause is "to said E. Worth Jeffries and James H. Jeffries, their heirs . . ." In the *habendum* the grantor defines the estate conveyed as "the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said E. Worth Jeffries and James H. Jeffries, their heirs and assigns, to their only use and behoof forever." And the grantor covenants "with said E. Worth Jeffries and James H. Jeffries, their heirs and assigns, that she will warrant and defend the said title to the same against the lawful claims of all persons whomsoever."

The paragraph describing the property contains the following at the end, and as a part, thereof: "It is understood that in case of the death of James H. Jeffries before he otherwise disposes of his part of this land, that his share is to be the property of E. Worth Jeffries in fee simple, subject to the dower right of James H. Jeffries wife, Mandy Jeffries." Mandy Jeffries predeceased James H. Jeffries.

On 21 March 1942, James H. Jeffries died intestate, leaving surviving certain collateral heirs. At the time of his death he had not disposed of or conveyed his interest in said land.

On 28 April 1951, E. Worth Jeffries and wife contracted to sell to defendant, and defendant contracted to buy, said property at the price of $10,000. The contract contemplated that the grantor should convey a good and sufficient marketable title in fee. Defendant declined to comply with the contract for the reason plaintiffs are not possessed of and cannot convey a fee simple title to the property.

When the cause came on for hearing in the court below, the court, being of opinion that said deed "vested in James H. Jeffries a defeasible fee subjected to be defeated upon his having not disposed of same prior to his death and in which event the said title vested in the survivor, E. Worth Jeffries, and the said E. Worth Jeffries now holds an absolute fee simple title to the said property," entered judgment decreeing specific performance. Defendant excepted and appealed.

*Long & Ross and Thomas C. Carter for plaintiff appellees.*
*Louis C. Allen for defendant appellant.*

BARNHILL, J. When the granting clause in a deed to real property conveys an unqualified fee and the *habendum* contains no limitation on the fee thus conveyed and a fee simple title is warranted in the covenants of title, any additional clause or provision repugnant thereto and not by reference made a part thereof, inserted in the instrument as a part of,

or following the description of the property conveyed, or elsewhere other than in the granting or *habendum* clause, which tends to delimit the estate thus conveyed, will be deemed mere surplusage without force or effect. *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228, and cases cited; *Kennedy v. Kennedy,* 236 N.C. 419; *Whitley v. Arenson,* 219 N.C. 121, 12 S.E. 2d 906; *McNeill v. Blevins,* 222 N.C. 170, 22 S.E. 2d 268. This is now settled law in this jurisdiction. *Kriles v. Plott,* 222 N.C. 679, 24 S.E. 2d 531, and *Jefferson v. Jefferson,* 219 N.C. 333, 13 S.E. 2d 745, to the extent they conflict with this conclusion, have been overruled.

The question has been ably and comprehensively discussed in the recent decisions of this Court herein cited. Further discussion at this time would add nothing that might be of material assistance to those for whose benefit our decisions are reduced to writing. Suffice it to say therefore, that the line of decisions represented by *Artis v. Artis, supra,* to which we adhere, compels the reversal of the judgment entered in the court below.

Reversed.