ROY OXENDINE v. H. S. LEWIS.

(Filed 14 January, 1960.)

**1. Appeal and Error § 55: Parties § 1—**

The heirs of the deceased grantee in a deed are necessary parties to an action to determine whether the grantee took a life estate or the fee simple, and where the action is solely between the person owning the asserted reversion and his vendee, the cause must be remanded for necessary parties.

APPEAL by defendant from *McKinnon, J.,* at Chambers, ROBESON Superior Court, November 6, 1959.

Civil action for specific performance of a written contract to convey a described tract of land. The plaintiff tendered his fee simple deed and demanded payment of the purchase price. The defendant refused to accept the deed and to pay the purchase price upon the ground that plaintiff did not hold and could not convey title in fee simple as called for in the contract. By agreement the court heard the case without a jury.

The parties stipulated: (1) On November 24, 1924, the plaintiff acquired a fee simple title to the land involved; (2) on May 10, 1932, the plaintiff (and wife) executed a deed to Melinda Oxendine Hunt (this controversy involves the interpretation of that deed); (3) Melinda Oxendine Hunt died prior to the execution of the contract now sought to be enforced, leaving as her heirs at law the plaintiff, Roy Oxendine, and others not named and not parties to this action.

The granting clause in the deed to Melinda Oxendine Hunt is as follows: "The parties of the first part . . . do hereby bargain, sell and convey unto the said party of the second part, and to her heirs and assigns forever, the following lands . . ., to-wit: A life estate in and to the following described tract of land, to-wit:" (Description by metes and bounds). Immediately below the description appears the following: "It is distinctly understood between the parties of the first part and the party of the second part that the said Melinda Oxendine Hunt is to have a lifetime right and full control of the possession of the property herein conveyed and that the remainder, subject to said lifetime right, is retained by Roy Oxendine."

"To have and to hold the above described lands and premises, with the appurtenances, unto the said party of the second part, her heirs and assigns, forever." Then follow clauses of general warranty.

The court held the deed to Melinda Oxendine Hunt conveyed only life estate to her and upon her death Roy Oxendine became the owner in fee and can now convey a good and complete title. From the

judgment that the contract be specifically performed, the defendant appealed.

*W. H. Humphrey for defendant, appellant.*
*Johnson & Biggs, E. M. Johnson for plaintiff, appellee.*

HIGGINS, J.   Involved in this action are apparently conflicting provisions of a deed. The court is called upon to resolve the conflict. In order that its judgment may be binding on all parties in interest and be a final termination of the controversy, the court should have before it all the heirs at law of Melinda Oxendine Hunt. The absent heirs are not bound by the judgment in a cause to which they are not parties. Our procedure requires that they be brought in and given an opportunity to be heard. *Britt v. Children's Homes,* 249 N.C. 409, 106 S.E. 2d 474; *Morganton v. Hutton & Bourbonnais Co.,* 247 N.C. 666, 101 S.E. 2d 679; *Edmondson v. Henderson,* 246 N.C. 634, 99 S.E. 2d 869.

The judgment of the Superior Court of Robeson County is set aside. The cause is remanded for additional parties.

Remanded.