ROY OXENDINE (ORIGINAL PLAINTIFF), WILLIAM L. OXENDINE, ADMR. OF ROY OXENDINE, DECEASED; WILLIAM L OXENDINE AND WIFE, LOU HENRY LOWRY OXENDINE, JAMES W. OXENDINE AND WIFE, LOUISE SMITH OXENDINE (ADDITIONAL PLAINTIFFS), V. H. S. LEWIS (ORIGINAL DEFENDANT), GERTRUDE MITCHELL HUNT AND HUSBAND, GRADDY HUNT, JAMES MITCHELL AND WIFE, MARGARET MITCHELL, ADDIE MAE MITCHELL BARNES AND HUSBAND, CLEVELAND BARNES, CLETUS MITCHELL PULOS AND HUSBAND, GEORGE PULOS, EARL RAY MITCHELL AND WIFE, LENA BELLE MITCHELL, BEARL DAVID MITCHELL AND WIFE, MARILYN MITCHELL, VARDELL OXENDINE AND WIFE, HELEN OXENDINE, JAMES CLEO FREEMAN, UNMARRIED, AND LENA MAE FREEMAN, UNMARRIED, AND W. H. HUMPHREY, JR., GUARDIAN AD LITEM FOR JAMES CLEO FREEMAN AND LENA MAE FREEMAN, MINORS (ADDITIONAL DEFENDANTS).

(Filed 10 June, 1960.)

**Deeds § 12—**

Where the granting clause of a deed, evidently filled in by typewriter upon a deed form, conveys an unqualified fee and the *habendum* and warranty clauses are in harmony with the granting clause, a provision inserted immediately before the description in that part of the form intended for the description, that the conveyance was of "A life estate in and to the following described tract of land, to wit:", and a provision immediately following the description that it was understood between the parties that the grantee was to have a life estate, will be rejected as repugnant to the fee simple estate granted.

BOBBITT, J., dissenting.

RODMAN, J., joins in dissent.

APPEAL by defendants from *McKinnon, J.*, in chambers 18 April 1960 at Lumberton. From ROBESON.

Civil action to enforce specific performance of a written contract to purchase real property.

The parties, pursuant to G.S. 1-184-1-185, waived by written agreement and stipulation trial by jury, and agreed that the Judge might find the facts, make conclusions of law, and render judgment thereon.

On 24 November 1924 S. R. Webster and wife conveyed the land, which is the subject of this suit, by deed to Roy Oxendine, vesting in him a fee simple title. On 10 May 1932 Roy Oxendine and wife conveyed the land to Malinda Oxendine Hunt by deed of record in Robeson County. A copy of this deed is in the record. During the argument of this suit in this Court the parties by consent filed a photostatic copy of this deed, which shows it was a printed blank form deed apparently filled in by use of a typewriter.

The relevant parts of this deed with the words apparently written in with a typewriter italicized by us, are as follows:

"STATE OF NORTH CAROLINA
Robeson County

THIS DEED, made this the *10th* day of *May 1932*, by *Roy Oxendine and wife, Bettie Oxendine* of the County of *Robeson*, and State of *North Carolina*, of the first part to *Malinda Oxendine Hunt* of the County of *Robeson*, and State of *North Carolina*, of the second part, WITNESSETH: That the said parties of the first part, in consideration of the sum of *Ten Dollars and other valuable considerations* in hand paid by the said party of the second part, the receipt whereof is hereby acknowledged, do - hereby bargain, sell and convey unto the said party of the second part, and to *her* heirs and assigns forever, the following lands in *Fairmont* Township, Robeson County, North Carolina, bounded and described as follows, to wit:

"*A life estate in and to the following described tract of land, to wit:*

"*In Fairmont Township - BEGINNING at a stake under the bridge in the Old Field Swamp in the Lumberton and Fairmont road and runs South 20 degrees 20 minutes West 810 feet to a stake in the run of Old Field Swamp; thence S. 60 degrees and 50 minutes East 694 feet to a stake in the run of Old Field Swamp; thence up the run of Old Field Swamp to the BEGINNING, containing 9.4 acres. Same being part of land owned by F. S. Floyd, Sr., deceased, and being on west side of Old Field Swamp about a mile north of the town of Fairmont and being same conveyed to Barnum Hunt and Wife, Malinda Hunt, by F. S. Floyd, Jr., et ux Sarah Floyd.*

"*It is distinctly understood between the parties of the first part and the party of the second part that the said Malinda Oxendine Hunt is to have a lifetime right and full control of the possession of the property herein conveyed, and the remainder, subject to said lifetime right, is retained by Roy Oxendine.*

"TO HAVE AND TO HOLD the above described lands and premises, with the appurtenances, unto the said party of the second part, *her* heirs and assigns, forever. And the said parties of the first part, for *themselves, their* heirs, executors and administrators, do covenant with the party of the second part, *her* heirs and assigns, that *they are* lawfully seized in fee of the said lands; that *they have* good right to sell and convey the same; that they are free from all encumbrance; and that *they* will and *their* heirs, executors and administrators shall warrant and defend the title to the same against the lawful claims of all persons whomsoever."

Roy Oxendine was the son of Malinda Oxendine Hunt. Prior to December 1958 Malinda Oxendine Hunt died leaving her surviving as heirs Roy Oxendine, and certain children and grandchildren who are defendants.

On 1 December 1958 Roy Oxendine contracted to sell to defendant H. S. Lewis, and defendant H. S. Lewis contracted to buy the land described in the deed from Roy Oxendine to Malinda Oxendine Hunt at the price of $5,000.00. The contract contemplated that the grantor should convey a good and sufficient marketable title in fee. Roy Oxendine executed a deed of conveyance of the land to defendant H. S. Lewis, tendered it to him, and made demand for payment of the purchase price in accord with the contract, and defendant H. S. Lewis refused to accept said deed and comply with the contract for the reason that Roy Oxendine is not possessed of and cannot convey a fee simple title to the property. Thereafter Roy Oxendine, original plaintiff, died intestate leaving as his only heirs at law his sons, William L. Oxendine and James W. Oxendine. William L. Oxendine has been duly appointed administrator of his estate. His heirs at law and administrator have made themselves parties to the suit as additional plaintiffs.

Judge McKinnon upon the facts found by him concluded as a matter of law that "the deed from Roy Oxendine, original plaintiff, to Malinda Oxendine Hunt . . . by the terms of its grant clause limited the estate conveyed therein to Malinda Oxendine Hunt to an estate for life, with the remainder being reserved to the grantor, Roy Oxendine, and the life estate is now terminated, so that the original plaintiff, Roy Oxendine, was capable, and his administrator, William L. Oxendine, is capable of conveying the lands in fee simple to the original defendant, H. S. Lewis." Judge McKinnon further concluded as a matter of law that William L. Oxendine, as administrator of the estate of Roy Oxendine, is legally entitled to enforce the contract of sale and purchase against the original defendant, H. S. Lewis. Wherefore, Judge McKinnon entered judgment decreeing specific performance. Defendant excepted and appealed.

*Johnson & Biggs By E. M. Johnson for plaintiffs, appellees.*

*Britt, Campbell & Britt By David M. Britt for additional Defendants, appellants.*

*W. H. Humphrey, Jr., for original defendant, appellant, and guardian ad litem for James Cleo Freeman and Lena Mae Freeman, minors, defendants, appellants.*

PARKER, J. A former appeal in this case, wherein Roy Oxendine

was plaintiff and H. S. Lewis was defendant, is reported in 251 N.C. 702, 111 S.E. 2d 870, and was remanded for additional parties. Since the former appeal, Roy Oxendine has died. In the former appeal, and in parts of the record the christian name of Malinda Oxendine Hunt is set forth as Melinda. We use here Malinda as it appears in the photostatic copy of the deed.

The granting clause in the Roy Oxendine deed conveys to Malinda Oxendine Hunt an unqualified fee simple estate. The *habendum* clause contains no limitation on the fee thus conveyed, and a fee simple title is warranted in the covenants of title.

*Jeffries v. Parker*, 236 N.C. 756, 73 S.E. 2d 783, was a suit to enforce specific performance of a contract to purchase land. These are the facts in that suit: On 21 January 1919, Mary J. Jeffries conveyed land to E. Worth Jeffries and James H. Jeffries by recorded deed. The granting clause in the deed conveyed an unqualified fee and the *habendum* clause contains no limitation on the fee thus conveyed and a fee simple title is warranted in the covenants of title. The paragraph describing the land conveyed contains the following at the end and as a part thereof: "It is understood that in case of the death of James H. Jeffries before he otherwise disposes of his part of this land, that his share is to be the property of E. Worth Jeffries in fee simple, subject to the dower right of James H. Jeffries' wife, Mandy Jeffries." Mandy Jeffries predeceased James H. Jeffries. On 21 March 1942, James H. Jeffries died intestate, leaving surviving certain collateral heirs. At the time of his death he had not disposed of or conveyed his interest in said land. The trial court held that the deed "vested in James H. Jeffries a defeasible fee subjected to be defeated upon his having not disposed of same prior to his death and in which event the said title vested in the survivor, E. Worth Jeffries, and the said E. Worth Jeffries now holds an absolute fee simple title to the said property," and decreed specific performance. This Court reversed the judgment below, saying: "When the granting clause in a deed to real property conveys an unqualified fee and the *habendum* contains no limitation on the fee thus conveyed and a fee simple title is warranted in the covenants of title, any additional clause or provision repugnant thereto and not by reference made a part thereof, inserted in the instrument as a part of, or following the description of the property conveyed, or elesewhere other than in the granting or *habendum* clause, which tends to delimit the estate thus conveyed, will be deemed mere surplusage without force or effect. *Artis v. Artis*, 228 N.C. 754, 47 S.E. 2d 228, and cases cited; *Kennedy v. Kennedy*, 236 N.C. 419; *Whitley v. Arenson*, 219 N.C. 121, 12 S.E. 2d 906; *McNeill v. Blevins*,

222 N.C. 170, 22 S.E. 2d 268. This is now settled law in this juris-diction. *Krites v. Plott,* 222 N.C. 679, 24 S.E. 2d 531, and *Jefferson v. Jefferson,* 219 N.C. 333, 13 S.E. 2d 745, to the extent they conflict with this conclusion, have been overruled."

The relevant facts for our decision here in *Edwards v. Butler,* 244 N.C. 205, 92 S.E. 2d 922, are: On 19 January 1912, Joseph G. Edwards executed a warranty deed to his wife "Lilly Mae Edwards, her lifetime and then to my children . . . .," conveying the premises described in the petition. The granting clause, the *habendum* and the warranty in the deed are in the usual form and fully sufficient to pass a fee simple title. Following the description of the land, the grantor inserted the following: "It is known and understood that I, Joseph G. Edwards, hereby except my life estate in the above conveyed premises." In its opinion, this Court said: "The first ques-tion to be determined is whether or not the attempted reservation of a life estate in the grantor in the deed from Joseph G. Edwards to Lilly Mae Edwards, his wife, was valid. We have repeatedly held that when the granting clause, the *habendum,* and the warranty in a deed are clear and unambiguous and fully sufficient to pass immediately a fee simple estate to the grantee or grantees, that a paragraph inserted between the description and the *habendum,* in which the grantor seeks to reserve a life estate in himself or another, or to otherwise limit the estate conveyed, will be rejected as repugnant to the estate and interest therein conveyed. *Whitson v. Barnett,* 237 N.C. 483, 75 S.E. 2d 391; *Jeffries v. Parker,* 236 N.C. 756, 73 S.E. 2d 783; *Kennedy v. Kennedy,* 236 N.C. 419, 72 S.E. 2d 869; *Swaim v. Swaim,* 235 N.C. 277, 69 S.E. 2d 534; *Pilley v. Smith,* 230 N.C. 62, 51 S.E. 2d 923; *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228. In the deed under consideration, the words in the granting clause, the *habendum,* and warranty are clear and unambiguous and are sufficient to pass immediately a fee simple title to the land described therein. These portions of the deed contained nothing that might even suggest an intention on the part of the grantor to convey an estate of less dignity than a fee simple, indefeasible title to the premises described therein, subject to the life estate of his wife. Hence, we hold that the attempt of the grantor to create a life estate in himself by the method used was ineffective and will be rejected as mere surplusage. *Jeffries v. Parker, supra."*

In *McCotter v. Barnes,* 247 N.C. 480, 101 S.E. 2d 330, a printed form deed was used with written words inserted. The granting clause in the deed conveys an unqualified fee simple estate. The *habendum* clause places no limitation on the estate conveyed by the granting clause. A fee simple estate is warranted in the covenants of title. The

OXENDINE v. LEWIS.

description in writing inserted in the deed is: "A right of way 100 feet wide (To be located by said party of second part and when so located to become a part of this description) across the homestead tract. The said location to be through the southwest corner of said tract of land. There shall be no building other than for railroad use." The defendants contended that the use of the term "right of way" in the description limits the conveyance to an easement. The Court said: "But in any event, under application of the rule of construction that the granting clause will prevail in case of repugnancy, the term 'right of way' as here used in the description must yield to the granting clause in fee, and especially so in view of the fact that the granting clause harmonizes with the *habendum* and with the covenants of seizin and warranty. *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228; *Jeffries v. Parker,* 236 N.C. 756, 73 S.E. 2d 783; *Griffin v. Springer,* 244 N.C. 95, 92 S.E. 2d 682; *Edwards v. Butler,* 244 N.C. 205, 92 S. E. 2d 922. In *Artis v. Artis, supra,* at p. 761, it is stated: 'Hence it may be stated as a rule of law that where the entire estate in fee simple, in unmistakable terms, is given the grantee in a deed, both in the granting clause and *habendum,* the warranty being in harmony therewith, other clauses in the deed, repugnant to the estate and interest conveyed, will be rejected.' Here the fact that the description was inserted in a form deed is without controlling significance. *Jeffries v. Parker, supra.*"

*Shephard v. Horton,* 188 N.C. 787, 125 S.E. 539, is clearly distinguishable. The granting clause of the deed was "to the said party of the second part during her natural life and — heirs and assigns," a tract of land describing it. The *habendum* clause reads, "To have and to hold the aforesaid tract or parcel of land during her natural life, with any and all privileges and appurtenances thereto belonging to the said Victory Horton, — heirs and assigns, to her only use and behoof forever." A fee simple title is warranted in the covenants of title. The deed was written on a printed blank form prepared for general use and the words "during her natural life" were written by the draftsman. In the deed in that case the written words and the printed words in the granting clause and in the *habendum* are inconsistent, and it was held that the written words "during her natural life" controlled the construction, and that the grantee took a life estate.

The words in the deed in the instant case, apparently written in with a typewriter, appearing before and after the description of the land conveyed in fee simple and which tend to delimit the fee simple estate conveyed are not in the granting or *habendum* clause, and under a long line of our decisions as above set forth will be deemed surplusage without force or effect.

Malinda Oxendine Hunt took a fee simple estate under the deed. Defendants' assignments of error to the Judge's conclusions of law and to the judgment are sustained. The judgment below is
  Reversed.

BOBBITT, J., dissenting. The deed is from a son to his mother. Obviously, the conveyance of a life estate was intended. This intention should control unless "in conflict with some unyielding canon of construction, or settled rule of property, or fixed rule of law, or is repugnant to the terms of the grant." *Griffin v. Springer,* 244 N.C. 95, 98, 92 S.E. 2d 682, and cases cited. In my opinion, the rules of law enunciated in the cases cited in the Court's opinion do not require that the intention of the parties be thwarted.

"The heart of a deed is the granting clause." *Griffin v. Springer, supra,* and cases cited. The granting clause designates the grantee *and the thing granted. Artis v. Artis,* 228 N.C. 754, 760, 47 S.E. 2d 228. Consideration of the granting clause requires the construction that the thing granted is not a described tract of land but "a life estate in and to the following described tract of land." The factual situation is distinguishable from cases where, after conveyance of a described tract of land in fee, a subsequent provision, not an integral part of the granting clause, purports to delimit the fee theretofore explicitly conveyed.

A rule of law which supersedes and frustrates the intention of the parties should not be extended to encompass the present factual situation but should be restricted to factual situations undistinguishable from those heretofore considered.

RODMAN, J., joins in dissent.