OWEN M. ALLEN and wife v. WILLIAM J. BOWEN and others.

A limitation by deed of "a tract or parcel of land lying and being in the upper part of the C. L. tract, which we have drawn agreeble to the division that has been made, and if said division shall not stand, the understanding is that we sell all the right, title and claim that we have in the lands of L. R., deceased, unto the said W. B. of the second part, and by these presents hath bargained and sold and conveyed our land or right aforesaid, which we do warrant and forever defend. And we, T. P. and E. P. his wife, doth for themselves, their heirs and assigns forever, clear of all encumbrances whatsoever." is clearly intended to convey, and does convey an estate in fee simple to the bargainee.

*Armfield* v. *Walker*, 5 Ired. 580; *Phillips* v. *Davis*, 69 N. C. Rep. 117; *Phillips* and wife v. *Thompson* and wife, 73 N, C. Rep. 543, cited and approved.

CIVIL ACTION in the nature of *Ejectment*, tried before his Honor Judge *Moore*, at Fall Term, 1875, of the Superior Court of WASHINGTON county.

The following are the facts, as agreed upon and sent up as a part of the record, upon appeal to this court :

The only question involved arose upon the construction of a deed dated the 16th day of October, 1846, between Thomas A. Pritchett and Elizabeth Pritchett, his wife, of the first part, and William Bowens, Sen., of the second part.

By said deed Pritchett and his wife, in consideration of the sum of one hundred and twenty.five dollars paid by Bowen, sold and conveyed " a tract or parcel of land lying and being in the upper end of the Charles Latham tract which we have drawn, agreeable to the division that has been made, and if said division shall not stand, the understanding is that we sell all the right, title and claim that we have in the lands of Langley Respass, Sr., deceased, unto the said William Bowen, Sr., of the second part, and by these presents hath bargained and sold and conveyed our land or right aforesaid, which we do warrant and forever defend. And we, Thomas A. Pritch-

ett and Elizabeth, his wife, doth for themselves, their heirs, executors, administrators and assigns, forever the land to the said William Bowen, his heirs, executors, administrators and assigns, forever clear of all incumbrances whatever."

William Bowen, Sr., is dead.

It is agreed by counsel, that if the court should be of the opinion that the said deed does not convey the land in fee simple to William Bowen, Sr., then the plaintiffs are entitled to a verdict and judgment for possession, sixpence damages and costs. If the court should be of opinion that the said deed passes an estate in fee simple to the said William Bowen, Sr., then a verdict and judgment is to be entered for the defendants.

The court being of opinion that the deed did not pass a fee simple to Bowen, rendered judgment for the plaintiffs according to the case agreed, from which judgment the defendants appealed.

*Walter Clark*, for the appellants.
*Smith & Strong*, contra.

Bynum, J. The intent to convey the fee simple is clearly expressed and is not denied, and the only question submitted for our decision is, whether the deed conveys a fee simple, as was intended, or only a life estate. It is the duty of the court to give the deed such a construction as will carry out the intent of the parties to it, if it can be done according to the rules of construction which have been adopted by the court. The facts of the case are so like *Phillips* and wife v. *Thompson* and wife, 73 N. C. Rep., 543, that it is only necessary to refer to that case as governing our decision in this. The confusion here, as in that case, is produced by the attempt to incorporate a clause of warranty with the *habendum*. By excluding from the deed, or putting in a parenthesis, that portion of the instrument purporting to make a warranty, the

deed becomes intelligible, and though very inartificially· drawn, it conveys a fee simple estate to the bargainee. See also *Armfield* v. *Walker*, 5 Ired., 580, and *Phillips* v. *Davis,.* 69 N. C. Rep., 117.

There is error. Judgment reversed and judgment for the· defendant according to the case agreed.

PER CURIAM.                     Judgment accordingly.