ALFRED HODGES et al. v. HENRY FLEETWOOD et al.

*Deed, Construction of—Rule in Shelley's Case.*

1. Where the premises of a deed were "unto M., wife of P., during her natural life, then to descend to her heirs, the children of the said P., after her demise;" and the *habendum* was to "the party of the second part and their heirs forever": *Held*, that the deed created a life estate only in M., with a contingent remainder in fee to the children of herself and her husband P.

2. Such a deed does not create a fee-tail special which would be converted into a fee-simple estate under our statute.

This was a CIVIL ACTION, heard before *Montgomery, J.,* at the February Term, 1888, of the Superior Court of BEAUFORT County, on a case agreed.

The plaintiffs sued to recover a tract of land in the possession of the defendants. Both parties derived title under the deed from Samuel Boomer to Mahatabel Pate, *post.*

The plaintiffs claimed the land as children of Mahatabel Pate, by her husband Isaiah Pate; the defendants claimed it under a deed from said Mahatabel Pate and her husband Isaiah Pate.

The only questions presented by the appeal arise upon the construction of the deed from Samuel Boomer to Mahatabel Pate, which is as follows:

"This indenture, made the 4th day of April, in the year of our Lord one thousand eight hundred and fifty-seven, between Samuel Boomer, of the town of Washington, county and State aforesaid, of the first part, and Mahatabel Pate, wife of Isaiah Pate, of the town of Washington, county and State aforesaid, of the second part, witnesseth, that I, the said party of the first part, for and in consideration of the sum of one hundred dollars, and a further consideration of

one house and lot in the town of Washington—say in Bonner's New Part—reference being had to said Pate's deed to me of the first part, as will more fully appear, and myself therewith fully contented and satisfied, hath bargained and sold, and by these presents do bargain and sell (unto her, the aforesaid Mahatabel Pate, wife of Isaiah Pate, during her natural life, then to descend to her heirs, the children of the said Isaiah Pate, after her demise), a certain tract or parcel of land in the district of Washington, butted and bounded as follows, viz.: (description), containing 16 acres, 3 rods and 8 poles, together with all and singular the hereditaments and appurtenances belonging or in any wise appertaining thereunto, with all the profits and emoluments, right, title and interest whatever of him, the said party of the first part, to the above-bargained premises: to have and to hold to them, the party of the second part, and their heirs, forever. And I, the party of the first part, for myself, my heirs, executors, administrators and assigns, warrant and forever defend the above-bargained premises unto them, the party of the second part, against the claim or claims of all persons whatsoever laying claim or claims thereunto.

" In witness whereof, I, the party of the first part, hath hereunto set my hand and seal, the day and date first above written. .      (Signed)    SAMUEL BOOMER." [Seal.]

The Court gave judgment for the plaintiffs. The defendants excepted to the judgment, and appealed.

*Mr. W. B. Rodman, Jr.,* for the plaintiffs.
*Mr. A. D. Jones,* for the defendants.

AVERY, J. (after stating the case). The first question to be settled in this case is, whether the words used in the premises of the deed, " unto her, the aforesaid Mahatabel Pate, wife of Isaiah Pate, during her natural life, then to descend

to her heirs, the children of the said Isaiah Pate, after her demise," &c., together with the subsequent words in the *habendum*, "to have and to hold to them, the party of the second part, and their heirs, forever," vested in Mahatabel Pate an estate in fee simple or only a life estate.   It seems clear that the word "heirs" should be construed as a word of purchase—not of limitation.   The words "the children of the said Isaiah Pate, after her demise," following immediately after "heirs," are evidently intended as a more particular description of the persons who are to take at her death, and that portion of the premises should be interpreted as if it had been written as follows: " Unto the said Mahatabel Pate, wife of Isaiah Pate, during her natural life, and after her death, to her children, the issue of her marriage with Isaiah Pate."   The context shows, therefore, in what sense the word "heirs" was used, and that, in fact, it was intended to mean not simply children, but a particular class of children—the issue of that marriage with Isaiah Pate—and must be construed as vesting an estate in the land in those children, at her death, as purchasers.   *Leathers* v. *Gray*, 101 N. C., 162; *Mills* v. *Thorne*, 95 N. C., 362; *King* v. *Utley*, 85 N. C., 59. But the defendants' counsel contended, on the argument, that the words in the *habendum*, "to have and to hold to them, the party of the second part, and their heirs, forever," must be interpreted as qualifying the estate given to Mahatabel Pate, and, notwithstanding the fact that the words "during her natural life" and "after her demise" are used in the premises in reference to her interest, she took an estate in fee simple under the deed.   We cannot treat as surplusage, or ignore, the significant words used in the premises in order to reach such a conclusion.   The words of the inheritance were intended to vest in the children a remainder in fee after the death of the mother.

While the word "heirs," when plainly constituting a part of the covenant of warranty, will not be transposed and

construed as if it were in the premises or *habendum*, it will be construed, when it appears in the *habendum* after the words "to have and to hold," just as if it had been written after the name of the grantor in the premises; and when deeds have been inartistically drawn, so as to locate the *habendum* after the covenant of warranty, they have been interpreted by a transposition of the words of inheritance to the premises. *Waugh* v. *Miller*, 75 N. C., 127; *Allen* v. *Bowen*, 74 N. C., 155; *Phillips* v. *Thompson*, 73 N. C., 543; *Phillips* v. *Davis*, 69 N. C., 117.

We think that the true meaning of the deed is the same as if the language in the premises had been, "unto the said Mahatabel Pate during her natural life, and after her death, to her children—the issue of her marriage with said Isaiah Pate—and their heirs, forever." We cannot concur with counsel in the view that such a conveyance at common law must be held to have vested in Mahatabel a fee-tail special, which was converted by the statute into a fee-simple estate, and merged with her estate in fee expectant on the determination of the estate tail. At common law, an estate could have been conveyed to Mahatabel for life, with remainder in fee to such children as might be born of the marriage with her then husband. It would have been a contingent remainder, because it might happen that there would be no issue of the marriage, and at all events there would be uncertainty in contemplation of law as to the number who would take as remaindermen; but when the remainder did vest in her children at her death, it would vest in fee simple—not restrained to any particular heirs, but inheritable by all of their heirs alike. We do not think that it is necessary to discuss or construe section 1329 of *The Code*, in order to decide the questions presented in this case.

We hold that the plaintiffs are entitled to recover, and there was no error in the ruling of the Judge below. The judgment must be affirmed.

No error.                                   Affirmed.