FLORENCE EASON v. JOSEPH C. EASON.

(Filed 18 September, 1912.)

Husband and Wife—Jus Accresendi—Deeds and Conveyances—Interpretation — Intent — Tenants in Common — Second Wife — Dower.

In construing a deed to a husband and wife as a whole, to arrive at its intent, it is held that in a conveyance of land to them, "each a one-half interest," creates a tenancy in common, and the right of survivorship does not apply; and when the wife is dead, the husband remarries and then dies, leaving a widow, the widow is only entitled to dower in the undivided one-half interest in the lands.

APPEAL by defendant from *Justice, J.,* at February Term, 1912, of GREENE.

Petition for dower, heard upon issues raised by the plaintiff.
The facts are sufficiently stated in the opinion of the Court
by *Mr. Justice Brown.*

*W. F. Evans and L. I. Moore for plaintiff.*
*George M. Lindsay and J. Paul Frizzelle for defendant.*

BROWN, J. The plaintiff is the second wife of Nathan Eason,
and as such claims dower in the whole of a certain tract of
land described in a deed dated 30 December, 1904, executed by
Thomas Lassiter to Nathan Eason and his first wife, Carrie.

It is contended by the plaintiff that the deed in question
conveys the land to Nathan Eason and his said wife, Carrie,
jointly, and that the doctrine of survivorship, as between hus-
band and wife, applies, inasmuch as Nathan Eason survived
his first wife. *Ray v. Long,* 132 N. C., 895.

The premises of the deed are as follows: "This deed, made
this the 30th day of December, A. D. 1904, by Thomas U. Las-
siter and his wife, Alice Lassiter, of Greene County and State
of North Carolina, of the first part, to Nathan Eason and wife,
Carrie G. Eason, each one-half interest, of Greene County and
State of North Carolina, of the second part."

It is unnecessary to set out the remainder of the deed. The
*habendum* as well as the *tenendum* conveys the property to said
Nathan and Carrie G. Eason and their heirs and assigns.

We are of opinion that in construing the deed in question the
language used in the premises, to wit, "to Nathan Eason and
wife, Carrie G. Eason, each *one-half interest,*" should be taken
into consideration in construing the deed. We have said re-
peatedly in recent decisions that a deed will be construed so as
to effectuate the intent as gathered from the entire instrument,
when it can be done by any reasonable interpretation. *Acker
v. Pridgen,* 158 N. C., 338; *Triplett v. Williams,* 149 N. C.,
394; *Gudger v. White,* 141 N. C., 513.

Giving the language quoted its ordinary significance, we are
of opinion the deed created a tenancy in common, and that the
plaintiff is entitled to dower in only one-half of the land de-
scribed in the petition. The language used is too plain to

admit of discussion as to its meaning. The evident purpose of the draftsman was to convey one undivided half of the land to the husband, and the other undivided half to the wife.

This question is very fully discussed by *Mr. Justice Hoke* in *Highsmith v. Page,* 158 N. C., 226, which we think is a case very much in point. See, also, *Stalcup v. Stalcup,* 137 N. C., 305; *Hodges v. Fleetwood,* 102 N. C., 122; 13 Cyc., 666.

The cause is remanded, with instructions to enter judgment in accordance with this opinion.

Reversed.