JOE WILLIS AND MARY REGAN v. MUTUAL LOAN AND TRUST COMPANY.

(Filed 5 April, 1922.)

1. **Estates—Determinable Fee—Rule in Shelley's Case—Deeds and Conveyances.**

   In construing a deed, a distinction should be observed between a determinable fee and an estate created under the rule in *Shelley's case*, and this rule has no application where there is no limitation in the deed by way of remainder, as where an estate is granted to M., and her bodily heirs.

2. **Deeds and Conveyances—Intent—Formal Parts.**

   The intention of the parties is now regarded as the chief essential in the construction of conveyances, the object sought being substance, not form, giving effect to every part of the deed, no clause being construed as meaningless if reasonable intendment can be found therefor, and the intention thus ascertained will prevail over the old rule dividing the deed into its formal parts and disregarding contradictions in the *habendum* of the quality or quantity of the estate granted in the premises.

3. **Estates—Determinable Fee—Contingent Remainders—Deeds and Conveyances.**

   Where an estate is granted to M., and the heirs of her body in the premises, with warranty to her and the heirs of her body: *Held*, the intent of the grantor by proper construction was to limit over the estate to M. in case she should die without issue or bodily heirs.

4. **Same—Shifting Uses—Statutes.**

   An estate to M. and her bodily heirs is converted into a fee simple under our statute, C. S., 1734, without further limitation, but followed by the words "if no heirs, said lands shall go back to my estate," the estate will go over to the heirs of the grantor at the death of M., upon the nonhappening of the event as a shifting use under the statute of uses, 27 Henry VIII., ch. 10; C. S., 1740, whereunder a fee may be limited after a fee, by deed, and under the provisions of C. S., 1737, that every contingent limitation in a deed or will made to depend upon the dying of any person without heir or heirs of the body, or issue, shall be held to be a limitation to take effect when such person dies not having such heir, or issue, or child living at the time of his death.

APPEAL by defendant from *Connor, J.,* at February Term, 1922, of ROBESON.

Controversy submitted without action on case agreed. Judgment for plaintiffs; defendant appealed.

J. S. J. Regan, unmarried and seized in fee, executed to his grantee a deed, the material parts of which are as follows: "This deed, made this 31 January, 1882, by Joseph Samuel Jenkins Regan, of Robeson County, State of North Carolina, to his daughter, Mary Regan, and her bodily heirs, of Robeson County and State of North Carolina.

"Witnesseth, that said Joseph S. J. Regan, for and in consideration of the sum of $1,000, doth bargain, sell, and convey to said Mary Regan and her bodily heirs a tract or parcel of land in Robeson County.

"To have and to hold the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging, to the said Mary Rëgan and her bodily heirs, and to their only use and behoof forever.

"And the said J. S. J. Regan covenants that he is seized of said premises in fee and hath right to convey the same in fee simple; that the same are free from all encumbrances, and that he will warrant and defend the said title to the same against the claims of all persons whatsoever, to his daughter, Mary Regan, and the heirs of her body, and if no heirs, said lands shall go back to my estate."

On 1 October, 1914, Mary Regan conveyed said land to Joe Willis, reserving a life estate; and on 3 December, 1921, these two entered into a written agreement to convey to the defendant fifty acres of the land at the price of $3,400. Accordingly they tendered to the defendant a deed in fee, duly executed, and demanded payment of the purchase price, and the defendant refused to make payment or to accept the deed on the ground that they cannot convey a title in fee simple. Mary Regan is now more than seventy years of age and has never been married. · His Honor rendered judgment for the plaintiffs. The defendant excepted and appealed. The only question is whether Joe Willis and Mary Regan can convey a title in fee. .

*McNeill & Hackett for plaintiffs.*
*Johnson & Johnson for defendant.*

ADAMS, J. The plaintiffs contend that the deed should be considered with regard to its formal division into parts, that the last clause, because repugnant to the estate conveyed in the premises, is void, and in consequence that the grantor conveyed to Mary Regan an estate in fee. They rely in part upon the common-law principle that a fee acquired in the premises cannot be divested by the *habendum.* Blackstone says: "The office of the *habendum* is properly to determine what estate or interest is granted by the deed; though this may be performed, and sometimes is performed, in the premises. In which case the *habendum* may lessen, enlarge, explain, or qualify, but not totally contradict or be repugnant to the estate granted in the premises. As if a grant be 'to A. and the heirs of his body,' in the premises, *habendum* 'to him and his heirs forever,' or *vice versa;* here A. has an estate tail, and a fee simple expectant thereon. But had it been in the premises "to him and his heirs," *habendum* "to him for life," the *habendum* would be utterly void; for an estate of inheritance is vested in him before the *habendum* comes,

and shall not afterwards be taken away or divested by it." 2 Bl. Com., 298. And Coke: "The *habendum* hath also two parts, viz., first, to name againe the feofee; and, secondly, to limit the certaintie of the estate." 1 Coke, ch. 1, sec. 1, 6a. Originally used to determine the interest granted, or to lessen, enlarge, explain, or qualify the premises, the *habendum* was held to be void if repugnant to the estate vested by preceding parts of the deed. *Hafner v. Irwin,* 20 N. C., 570; *Triplett v. Williams,* 149 N. C., 394. Whether this principle applied to a limitation in the warranty we need not now consider; for neither in the warranty nor in the *habendum* of this deed is there a fatal repugnancy; and the question presented must be resolved by other recognized rules of interpretation.

The plaintiffs can derive no aid from *Shelley's case.* There being no limitation by way of remainder to the heirs or "bodily heirs" of Mary Regan as *nomen collectivum* the deed in question cannot be construed as an unconditional fee. The distinction between a determinable fee and an estate created under the rule in *Shelley's case* is clearly drawn in numerous decisions. *Ward v. Jones,* 40 N. C., 404; *Whitesides v. Cooper,* 115 N. C., 570; *May v. Lewis,* 132 N. C., 115; *Smith v. Proctor,* 139 N. C., 314; *Puckett v. Morgan,* 158 N. C., 344; *Jones v. Whichard,* 163 N. C., 241; *Reid v. Neal,* 182 N. C., 192.

The rigid technicalities of the common law have gradually yielded to the demand for a more rational mode of expounding deeds. Hence, to discover the intention of the parties is now regarded as the chief essential in the construction of conveyances. The intention must be gathered from the whole instrument in conformity with established principles, and the division of the deed into formal parts is not permitted to prevail against such intention; for substance, not form, is the object sought. If possible, effect must be given to every part of a deed, and no clause, if reasonable intendment can be found, shall be construed as meaningless. *Springs v. Hopkins,* 171 N. C., 486; *Jones v. Sandlin,* 160 N. C., 155; *Eason v. Eason,* 159 N. C., 540; *Acker v. Pridgen,* 158 N. C., 337; *Real Estate Co. v. Bland,* 152 N. C., 231; *Featherston v. Merrimon,* 148 N. C., 199; *Gudger v. White,* 141 N. C., 513.

The phrase "to Mary Regan and her bodily heirs"— twice used in the premises and once in the *habendum,* is followed in the warranty by the words to "Mary Regan and the heirs of her body." What was the intention of the grantor? Obviously to limit over the grantee's estate in case she should die without issue or bodily heirs. To give to the deed such construction is not inconsistent with familiar principles of law.

"A conditional fee, at the common law, was a fee restrained to some particular heirs, exclusive of others, . . . as the heirs of a man's

WILLIS v. TRUST CO.

body. . . . , Now, with regard to the condition annexed to these fees by the common law, our ancestors held that such a gift (to a man and the heirs of his body) was a gift upon condition that it should revert to the donor if the donee had no heirs of his body; but, if he had, it should then remain to the donee. They therefore called it a fee simple, on condition that he had issue." 2 Bl. Com., 110. "Which condition was implied in the words as well as in the intent, for in that the gift is to one and to the heirs of his body, and no further, therein it is implied that if he have no heirs of his body, the donor shall have the land again." *Williom v. Berkley,* Plowd., 223. But upon the birth of issue the donee had power to alien the fee and thereby to bar not only the succession of his issue, but the reversion of the donor in case his issue subsequently failed. *Williom v. Berkley, supra;* 2 Bl. Com., 110. To suppress the exercise of this power the nobility procured the enactment of the statute *de donis conditionalibus* (13 Ed., 1), which so operated that the estate was no longer alienable by the donee upon the birth of issue, but remained to the heirs of his body, and on the failure of such heirs, reverted to the donor. The estate was divided into two parts, leaving in the donee a fee tail, and investing in the donor the ultimate fee simple, expectant on the failure of issue. Estates in fee simple conditional were thus converted into estates in fee tail; "and hence it is that Littleton tells us that tenant in fee tail is by virtue of the statute of Westminster the second." 2 Bl. Com., *supra.* But since the act of 1784 every person seized of an estate in tail shall be deemed to be seized of the same in fee simple. C. S., 1734; *Marsh v. Griffin,* 136 N. C., 333. Eliminating the last clause, the deed therefore conveys to Mary Regan an estate in fee. What, then, is the legal effect of the words "if no heirs said lands shall go back to my estate"?

At common law, because a freehold could not pass without livery of seizin, a fee could not be limited after a fee; but after the statute of uses was enacted (27 Henry VIII., ch. 10; C. S., 1740), the judges departing from the rigor of the common law ingeniously devised the doctrine of springing and shifting uses, under the latter of which a fee may be limited after a fee by deed or will. If by deed, it is a conditional limitation; if by will, it is an executory devise. 2 Bl. Com., 234; *Smith v. Brisson,* 90 N. C., 284.

The scope of the contingent limitation set forth in the last clause of the deed is defined by statute. Every contingent limitation in a deed or will made to depend upon the dying of any person without heirs, or heirs of the body, or issue shall be held to be a limitation to take effect when such person dies not having such heir, or issue, or child living at the time of his death. C. S., 1737; act of 1827, 1856.

Applying these principles, we conclude that the deed should be construed as if it read "to Mary Regan and the heirs of her body (a fee simple, C. S., 1734), and if she should die not having such heirs or issue living at the time of her death, then to the heirs of the grantor." C. S., 1737; *Patterson v. McCormick,* 177 N. C., 448; *Williams v. Blizzard,* 176 N. C., 146; *Reid v. Neal,* 182 N. C., 199. A similar construction may be found in *Smith v. Brisson, supra; Buchanan v. Buchanan,* 99 N. C., 308; *Dawson v. Ennett,* 151 N. C., 544; *Smith v. Lumber Co.,* 155 N. C., 390; *Rees v. Williams,* 165 N. C., 201; *Jarman v. Day,* 179 N. C., 318. There are cases apparently to the contrary, but they were decided before the act of 1827, C. S., 1737. *Davidson v. Davidson,* 8 N. C., 163; *Sanders v. Hyatt, ibid.,* 247; *Hollowell v. Kornegay,* 29 N. C., 261; *Weatherly v. Armfield,* 30 N. C., 26; *Folk v. Whitley, ibid.,* 133. *Ex parte McBee,* 63 N. C., 332, may be considered an exception, but there the act of 1827 was evidently disregarded or overlooked. *Smith v. Brisson, supra.*

From these principles it follows that Mary Regan acquired, under the deed of her grantor, a fee simple, determinable upon her dying without having heirs of her body or issue living at the time of her death, and that she and her coplaintiff cannot convey to the defendant an indefeasible estate in fee. The judgment is therefore

Reversed.