THOMAS H. LACKEY, ELI A. LACKEY, JOHN C. LACKEY AND WIFE, HELEN LACKEY, ANNIE LOUISE LACKEY, AND RICHARD F. LACKEY v. THE HAMLET CITY BOARD OF EDUCATION AND THE TOWN OF HAMLET.

(Filed 11 January 1963.)

**1. Deeds § 12—**

A deed must be construed to ascertain the intent of the grantor as gathered from the whole instrument without regard to its technical divisions, and every part must be given effect unless it cannot be reconciled, is contrary to public policy, or runs counter to some rule of law.

**2. Deeds § 15—**

Immediately following the description in the deed in question was inserted a paragraph stipulating that in the event the property should not be used for school purposes it should revert to the grantors or their heirs, and the *habendum* stipulated that the grantees and their successors and assigns should hold the property to their only use and behoof forever, "for school purposes." *Held:* The reverter clause and the *habendum* are not repugnant, and the deed conveys a fee upon special limitation, it being apparent that grantors intended to convey an estate of less dignity than the fee simple absolute. G.S. 39-1.

APPEAL by defendant Hamlet City Board of Education from *Olive, J.,* 23 July Civil Term 1962 of RICHMOND.

This is an action to determine the present ownership of a certain lot

of land described in the complaint, said lot having been conveyed by deed dated 27 June 1903 by E. A. Lackey and wife, Ella M. Lackey, to J. M. Jameson, D. McNair, J. S. Bishop, M. C. Freeman and Dr. H. F. Kinsman, School Trustees for the Town of Hamlet, and their successors, of Richmond County and the State of North Carolina.

The consideration named in the deed was ten dollars.

Immediately following the description, the deed contains this paragraph:

"It is also made a part of this deed that in the event of the school's disbandonment (failure) that this lot of land shall revert to the original owners, to wit: The said E. A. Lackey and wife, Ella M. Lackey, or their legitimate heirs, but it is also agreed that any and all improvements therein shall remain the property of the town of Hamlet, N. C."

The *habendum* clause in the deed reads as follows:

"TO HAVE AND TO HOLD the aforesaid lot of or parcel of land, and all privileges and appurtenances thereto belonging, to the said parties of the second part, their successors and assigns, to their only use and behoof forever, for school purposes."

It was stipulated in the court below that the plaintiffs are the surviving heirs at law and their spouses of grantors in the above deed; that the Hamlet City Board of Education is successor to and the owner of whatever interest the school trustees of the Town of Hamlet acquired in the parcel of land conveyed by said deed.

Soon after the delivery of the aforesaid deed, a school building was erected on said lot and a public school conducted therein until about 1951, at which time a new school building was erected at a different location, and no school has been conducted in the building or on said lot since said date. However, the old building was used by the School Board for storing school property until March 1961 when the School Board declared the property to be a liability and authorized the sale of the same and soon thereafter removed from the building all school property and completely abandoned said property for school purposes and pursuant thereto offered the same for sale and still proposes to sell the property and convey an absolute title thereto.

All parties to this action waived trial by jury and agreed that the trial judge should decide the matter upon the pleadings and upon facts stipulated by the parties. The parties further agreed that the court might make its conclusions of law and enter judgment in or out of term and in or out of the district. All parties reserved the right to except to the conclusions of law and judgment and further reserved the right to appeal therefrom to the Supreme Court.

The court below held and entered judgment to the effect that the reverter clause contained in the deed became operative when the

Hamlet City Board of Education ceased to use the property for any school purposes and that the title thereto reverted to the plaintiffs; that the empty building is the only improvement remaining on the lot; that the defendant Hamlet City Board of Education shall have the right to remove the building from the premises provided the same is removed by said defendant, its agents or assigns within the time provided in the stipulations entered into by the parties to this action and filed as a part of the record along with the judgment.

The defendant Hamlet City Board of Education appeals, assigning error.

*Jones & Jones for plaintiff appellees.*
*A. A. Reaves, Bynum & Bynum fer defendant appellant.*

DENNY, C.J.   The question for determination is this: Does the defendant Hamlet City Board of Education now own the lot in controversy in fee absolute, or did title thereto revert to the plaintiffs when the aforesaid Board of Education abandoned the property for school purposes and ordered it to be sold at public auction?

In the interpretation of a deed, the intention of the grantor or grantors must be gathered from the whole instrument and every part thereof given effect, unless it contains conflicting provisions which are irreconcilable or a provision which is contrary to public policy or runs counter to some rule of law. *Cannon v. Baker,* 252 N.C. 111, 113 S.E. 2d 44; *Griffin v. Springer,* 244 N.C. 95, 92 S.E. 2d 682; *Dull v. Dull,* 232 N.C. 482, 61 S.E. 2d 255; *Ellis v. Barnes,* 231 N.C. 543, 57 S.E. 2d 772; *Willis v. Trust Co.,* 183 N.C. 267, 111 S.E. 163; *Springs v. Hopkins,* 171 N.C. 486, 88 S.E. 774; 16 Am. Jur., Deeds, sections 171, 172 and 173, page 534, *et seq.*

In the case of *Triplett v. Williams,* 149 N.C. 394, 63 S.E. 79, this Court said: "We concede all that is contended for as to the common law rule of construction, and that it has been followed in this State. But this doctrine, which regarded the granting clause and the *habendum* and *tenendum* as separate and independant portions of the same instrument, each with its especial function, is becoming obsolete in this country, and a more liberal and enlightened rule of construction obtains, which looks at the whole instrument without reference to formal divisions, in order to ascertain the intention of the parties, and does not permit antiquated technicalities to override the plainly expressed intention of the grantor, and does not regard as very material the part of the deed in which such intention is manifested."

In *Willis v. Trust Co., supra,* Adams, J., speaking for the Court, said: "The rigid technicalities of the common law have gradually yield-

ed to the demand for a more rational mode of expounding deeds. Hence, to discover the intention of the parties is now regarded as the chief essential in the construction of conveyances. The intention must be gathered from the whole instrument in conformity with established principles, and the division of the deed into formal parts is not permitted to prevail against such intention; for substance, not form, is the object sought. If possible, effect must be given to every part of a deed, and no clause, if reasonable intendment can be found shall be construed as meaningless. *Springs v. Hopkins,* 171 N.C. 486 (88 S.E. 774); *Jones v. Sandlin,* 160 N.C. 155 (75 S.E. 1075); *Eason v. Eason,* 159 N.C. 539 (75 S.E. 797); *Acker v. Pridgen,* 158 N.C. 337 (74 S.E. 335); *Real Estate Co. v. Bland,* 152 N.C. 225 (67 S.E. 483); *Featherston v. Merrimon,* 148 N.C. 199 (61 S.E. 675); *Gudger v. White,* 141 N.C. 507 (54 S.E. 386)."

It is provided in G.S. 39-1 as follows: "When real estate is conveyed to any person, the same shall be held and construed to be a conveyance in fee, whether the word 'heir' is used or not, unless such conveyance in plain and express words shows, or it is plainly intended by the conveyance *or some part thereof,* that the grantor meant to convey an estate of less dignity." (Emphasis added.)

This Court has repeatedly held that when the granting clause, the *habendum,* and the warranty in a deed are clear and unambiguous, and fully sufficient to pass immediately a fee simple estate to the grantee or grantees, that a paragraph inserted between the description and the *habendum* in which the grantor seeks to reserve a life estate in himself or another, or to otherwise limit the estate conveyed, will be rejected as repugnant to the estate and interest therein conveyed. *Oxendine v. Lewis,* 252 N.C. 669, 114 S.E. 2d 706; *Edwards v. Butler,* 244 N.C. 205, 92 S.E. 2d 922; *Jeffries v. Parker,* 236 N.C. 756, 73 S.E. 2d 783; *Kennedy v. Kennedy,* 236 N.C. 419, 72 S.E. 2d 869; *Swaim v. Swaim,* 235 N.C. 277, 69 S.E. 2d 534; *Pilley v. Smith,* 230 N.C. 62, 51 S.E. 2d 923; *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228.

In our opinion, the facts disclosed by the contents of the deed under consideration are not controlled by the rule of construction laid down and followed in the foregoing decisions.

In the instant case, there can be no doubt about the intent of the grantors. The conveyance was made for a nominal consideration, and while the reverter clause was inartfully drawn and inserted immediately following the description in the deed, it must be construed to mean that the grantors intended that the land conveyed should revert to the grantors or their heirs if the property should be abandoned for school purposes. Moreover, the deed further provided that if and when the property reverted to the grantors or their heirs "that any and all im-

provements therein (thereon) shall remain the property of the town of Hamlet, N. C. (or its successors)." The grantors did not confine the expression of their intent alone to this reverter clause but in the habendum the grantees were "TO HAVE AND TO HOLD the aforesaid lot of or parcel of land, and all privileges and appurtenances thereto belonging, to the said parties of the second part, their successors and assigns, to their only use and behoof forever, *for school purposes.*" (Emphasis added.)

In the case of *Recreation Commission v. Barringer,* 242 N.C. 311, 88 S.E. 2d 114, *Parker, J.,* speaking for the Court, quoted with approval from Tiffany: Law of Real Property, 3rd Ed., Section 220, as follows: "An estate in fee simple determinable, sometimes referred to as a base or a qualified fee, is created by any limitation which, in an otherwise effective conveyance of land, creates an estate in fee simple and provides that the estate shall automatically expire upon the occurrence of a stated event * * *. No set formula is necessary for the creation of the limitation, any words expressive of the grantor's intent that the estate shall terminate on the occurrence of the event being sufficient * * *. So, when land is granted for certain purposes, as for a schoolhouse, a church, a public building, or the like, and it is evidently the grantor's intention that it shall be used for such purposes only, and that, on the cessation of such use, the estate shall end, without any re-entry by the grantor, an estate of the kind now under consideration is created. It is necessary, it has been said, that the event named as terminating the estate be such that it may by possibility never happen at all, since it is an essential characteristic of a fee that it may possibly endure forever."

In *Willis v. Trust Co., supra,* Joseph S. J. Regan, for a consideration of $1,000, conveyed to Mary Regan and her bodily heirs a tract of land in Robeson County, "To have and to hold the aforesaid tract or parcel of land and all privileges and appurtenances thereto belonging, to the said Mary Regan and her bodily heirs, and to their use and behoof forever.

"And the said J. S. J. Regan covenants that he is seized of said premises in fee and hath the right to convey the same in fee simple; that the same are free from all encumbrances, and that he will warrant and defend the said title to the same against the claims of all persons whatsoever, to his daughter, Mary Regan, and the heirs of her body and if no heirs, said lands shall go back to my estate."

On 1 October 1914, Mary Regan conveyed said land to Joe Willis, reserving a life estate, and on 3 December 1921, these two entered into a writtn agreement to convey to the defendant fifty acres of the land at a price of $3,400. The defendant refused to accept the deed tendered

on the ground that the grantors could not convey the premises in fee simple. Mary Regan at the time was more than seventy years of age and had never married. The court below held that the grantors could convey a good title to the premises. On appeal to this Court, among other things, the Court said: " * * * (W)e conclude that the deed should be construed as if it read 'To Mary Regan and the heirs of her body (a fee simple, C.S., 1734 (now G.S. 41-1) ), and if she should die not having such heirs or issue living at the time of her death, then to the heirs of the grantor.' " The Court then held that "* * * Mary Regan acquired, under the deed of her grantor, a fee simple, determinable upon her dying without having heirs of her body or issue living at the time of her death, and that she and her coplaintiff cannot convey to the defendant an indefeasible estate in fee."

We hold that the grantors conveyed to the grantees and their successors a fee simple title to the premises described in said deed, determinable upon the abandonment of the premises for school purposes. We further hold that the reverter clause and the purposes for which the property was to be held as expressed in the *habendum,* are not irreconcilable with or repugnant to the granting clause. Hence, the judgment of the court below is

Affirmed.