DUPLIN COUNTY BOARD OF EDUCATION v. BLAND CARR, MACK HERRING AND W. G. BRITT, TRUSTEES OF THE EASTERN BAPTIST ASSOCIATION OF NORTH CAROLINA; FRANK STEED, H. C. ALLEN AND D. HUGH CARLTON, TRUSTEES OF THE FIRST BAPTIST CHURCH OF WARSAW, NORTH CAROLINA

No. 724SC566

(Filed 23 August 1972)

**Deeds § 12— terms of deed — determinable fee**

Grantors in a deed intended to vest plaintiff with a determinable fee and not a fee simple absolute where the deed's granting clause recited that the property in question was sold to the Board of Education by "School committeemen" for "use and benefit of Special Tax District in the town of Warsaw for white people" for a nominal consideration, where there was a specific provision for reverter to defendant Association upon abandonment of the property for school uses in the habendum clause, and where there was a reference to the "reversion or proviso" in the warranty clause; hence, the trial court did not err in holding that the property in question should automatically revert to defendant Association.

APPEAL by plaintiff from *Wells, Judge,* 3 June 1972 Session of Superior Court held in DUPLIN County.

This is a civil action, heard and decided under the provisions of G.S. 1-253, the Declaratory Judgment Act, to determine the rights of the parties under a deed dated 18 September 1906 from H. L. Stevens, L. P. Best and M. E. Hobbs to the Board of Education of Duplin County.

The facts, stipulated by the parties and found by the trial judge, are summarized as follows: On 18 September 1906, H. L. Stevens, L. P. Best, and M. E. Hobbs, School Committeemen of District No. 1, Warsaw Township, executed and delivered a deed to the Board of Education of Duplin County purporting to convey the land in question and which, in pertinent part, is as follows:

"(S)aid parties of the first part, in consideration of One Hundred Dollars, ($100.), to them paid by the County Board of Education of Duplin County . . . have bargained and sold and by these presents doth bargain, sell and convey to the County Board of Education of Duplin County and its successors and assigns, for the use and benefit of Special Tax District in the town of Warsaw for white people, a certain town lot or parcel of land

within the corporate limits of the town of Warsaw, said County and State, and bounded as follows. . . . To Have And To Hold the aforesaid lot or parcel of land, together with all privileges and appurtenances thereto belonging to the County Board of Education of Duplin County, its successors and assigns, for the use and benefit of Special Tax District No. 1 in said township for white people, to their only use and behoof forever,—Provided that when the said property shall cease to be used for a non-denominational school it shall revert to the Eastern Association. And the said parties of the first part covenant, subject to the aforesaid reversion or proviso, that they are seized of said premises in fee and have a right to convey the same in fee-simple; that the same are free and clear from all incumbrances. . . . "

The Eastern Association referred to in the Deed in question is the Eastern Baptist Association of North Carolina. On 17 April 1972, the Duplin County Board of Education adopted a resolution in pertinent part as follows:

"(W)hereas, it has now been determined by the Board of Education that the aforesaid real estate and building thereon is not now needed by the Board for public school purposes and that the same is unnecessary and undesirable for public school purposes, and that it would be to the best interest of the Board of Education for said property to be sold in accordance with Section 115-126 of the General Statutes of North Carolina;

NOW, THEREFFORE, BE IT RESOLVED that H. E. Phillips, Attorney for the Duplin County Board of Education·. . . shall cause said property to be advertised for sale in accordance with Section 115-126 of the General Statutes of North Carolina, for and on behalf of the Board of Education."

On 31 January 1972 the defendants Bland Carr, Mack Herring, and W. G. Britt, Trustees of the Eastern Baptist Association, acting pursuant to a resolution of the Eastern Baptist Association of North Carolina and G.S. 39-6.3, executed and delivered a deed conveying all of their right, title, and interest in and to the property described in the complaint to the defendants Frank Steed, H. C. Allen, and D. Hugh Carlton,

Trustees of the First Baptist Church of Warsaw, North Caro-
lina. Based on findings of fact, substantially as set out above,
the trial judge concluded:

> "That from the language used by the grantors in the Deed
> from H. L. Stevens and others . . . it clearly appears to
> this Court that it was the intent of the grantors in said
> Deed to convey title to said property . . . to the Duplin
> County Board of Education to the end that said property
> might be used by said plaintiff Board of Education for
> school purposes, and that when said property ceased to be
> used for school purposes, it should revert to the . . . East-
> ern Baptist Association of North Carolina, and that by
> the language contained in said Deed there was created a
> determinable fee in said lands and . . . upon failure of the
> property to be used for school purposes, it should revert
> to the Eastern Baptist Association of North Carolina, its
> successors or assigns.
>
> (F) rom the resolution adopted by the Duplin County Board
> of Education on the 17th day of April, 1972, that it has
> been determined by said Board of Education that the real
> estate which is the subject of this controversy is not now
> needed by the Board for school purposes and that the same
> is not necessary and is undesirable for public school pur-
> poses . . . and . . . that said property is no longer to be
> used for school purposes, which amounts to a breach of
> the condition on which said property was conveyed to the
> plaintiff Board of Education, and that upon breach of said
> condition, the right, title and interest of said plaintiff
> Board of Education is automatically terminated.
>
> That in accordance with the provisions contained in Section
> 39-6.3 of the General Statutes of North Carolina, which
> said Statute expressly authorizes the conveyance of a
> possibility of reverta (sic), the trustees of the Eastern
> Baptist Association of North Carolina, have executed a Deed
> conveying all of the right, title and interest of said Eastern
> Baptist Association to the Trustees of the First Baptist
> Church of Warsaw, North Carolina.
>
> .   .   .   .
>
> (T) he title to the property described in the Complaint be,
> and the same is hereby declared to be vested in the First

Baptist Church of Warsaw, North Carolina, and that title to the said property is now held for the use and benefit of said First Baptist Church of Warsaw, North Carolina, by its Trustees Frank Steed, H. C. Allen and D. Hugh Carlton."

From a judgment declaring that the title to the property is now vested in the defendants Frank Steed, H. C. Allen, and D. Hugh Carlton as Trustees for the First Baptist Church of Warsaw, North Carolina, the plaintiff appealed.

*H. E. Phillips for plaintiff appellant.*

*Rivers D. Johnson, Jr., for defendant appellees.*

HEDRICK, Judge.

The one question presented on this appeal is whether the plaintiff Duplin County Board of Education now owns the property in controversy in fee simple or whether title thereto reverted to the Eastern Baptist Association of North Carolina, its successors or assigns, when the Board of Education abandoned the property for school purposes.

Plaintiff contends that the Board of Education became vested with the fee simple absolute title to the property in controversy by the deed dated 18 September 1906 from H. L. Stevens and others. Plaintiff argues:

"The fee or whole interest having been conveyed in the premises to the Board of Education of Duplin County, but attempted to be limited in the habendum clause to the Eastern Association, one is repugnant to the other and the latter becomes void. *Blackwell v. Blackwell,* 124 N.C. 269."

This principle of law has no application under the facts of this case. In *Lackey v. Board of Education,* 258 N.C. 460, 128 S.E. 2d 806 (1963), Chief Justice Denny wrote:

"In the interpretation of a deed, the intention of the grantor or grantors must be gathered from the whole instrument and every part thereof given effect, unless it contains conflicting provisions which are irreconcilable or a provision which is contrary to public policy or runs counter to some rule of law."

The intention of the grantors H. L. Stevens and others to vest the Board of Education with a determinable fee in the land conveyed by the deed dated 18 September 1906 is manifest in the whole instrument. The granting clause recites that the property was sold to the Board of Education by "School committeemen" for "use and benefit of Special Tax District in the town of Warsaw for white people" for a nominal consideration. Clearly this indicates the grantors intended that the property be used for school purposes and is in complete harmony with the specific reverter provision in the habendum clause. Moreover, the reference to the "reversion or proviso" in the warranty clause leaves no doubt that the grantors intended that the property would revert automatically to the Eastern Association, if and when, the Board of Education ceased to use the property for school purposes.

We agree with the ruling of the trial judge that when the plaintiff Board of Education abandoned the use of the property for school purposes by the resolution adopted 17 April 1972, title to the property in controversy automatically reverted to the First Baptist Church of Warsaw, the assignee of the Eastern Baptist Association of North Carolina.

The judgment appealed from is affirmed.

Affirmed.

Judges BROCK and MORRIS concur.