VERNON R. WHETSELL, EUGENE HOLLOMAN & R. E. HATCH, TRUSTEES OF SALEM ADVENT CHRISTIAN CHURCH (SUCCESSOR TO THE SECOND ADVENT BAPTIST CHURCH) v. GLADYS L. JERNIGAN & HUSBAND, ROLAND R. JERNIGAN

No 758SC858

(Filed 7 April 1976)

Deeds § 15— reversion clause after description — ineffectiveness

Provisions in a deed for the reverter of title to the grantor are not valid and effective where they appear only at the end of the description and are not referred to elsewhere in the deed.

APPEAL by plaintiff from *Griffin, Judge.* Judgment entered 26 September 1975 in Superior Court, WAYNE County. Heard in the Court of Appeals 13 February 1976.

Plaintiffs brought this action in order to have their church declared the sole owner of a one-acre lot which was conveyed by deed dated 17 November 1884, from D. E. Newell and his wife, Nancy Newell, and Mary Newell to the Second *Advent Baptist* Church. Plaintiffs claim that their church is the successor of the Second *Advent Baptist* Church.

Defendants claim ownership under the reverter clause in the 1884 deed which follows the description:

" . . . thence north 70 yards to the begin., containing one acre more or less—Now the condition of this deed is

that if the said denomination of the Second Advent Baptist Church fail to build a church house, or if said denomination change their name, or if they fail to occupy said land with a church for a space of three years then said land is to return back to the parties of the first part or their legal representatives."

This reverter clause does not appear elsewhere in the deed.

Defendants answered and counterclaimed alleging that around 1969 Second Advent *Baptist* Church changed its name to Salem Advent *Christian* Church; that Salem Advent Christian Church moved and failed to occupy the land with a church for three years.

Each party filed motions for summary judgment. After a hearing and argument by counsel for both parties, defendants' motion for summary judgment was granted. The judgment concluded that the language imposing conditions on the conveyance was legally effective and entitled defendants to entry and possession of the land, title vesting in Gladys Jernigan, sole heir of the grantors.

*Kornegay & Bruce, P.A. by Robert T. Rice for plaintiff appellant.*

*Smith, Everett & Womble by James D. Womble, Jr., and James N. Smith for defendant appellees.*

CLARK, Judge.

The fundamental question presented on appeal is whether provisions in a deed for the reverter of title to the grantor are valid and effective where they appear only at the end of the description and are not referred to elsewhere in the deed. One line of cases holds that when the granting clause in a deed to real property conveys an unqualified fee and the habendum contains no limitation on the fee thus conveyed and a fee simple title is warranted in the covenants of title, any additional clause or provision repugnant thereto and not by reference made a part thereof inserted in the instrument as a part of, or following the description of the property conveyed, or elsewhere other than in the granting or habendum clause, which tends to delimit the estate thus conveyed, will be deemed mere surplusage without force or effect. *Oxendine v. Lewis,* 252 N.C. 669, 114 S.E. 2d 706 (1960); *Jeffries v. Parker,* 236 N.C. 756, 73 S.E. 2d 783 (1953).

The defendants rely on cases which hold in effect that the grantor's intent as gathered from the instrument itself controls disposition of the case; that discovery of this intention is the chief essential in the construction of conveyances; and that artificial importance should not be given to the formal parts of a deed. *Mattox v. State*, 280 N.C. 471, 186 S.E. 2d 378 (1972); *Lackey v. Board of Education*, 258 N.C. 460, 128 S.E. 2d 806 (1963); *Board of Education v. Carr*, 15 N.C. App. 690, 190 S.E. 2d 653 (1972).

In *Lackey* there was a reverter clause following both the description and the habendum clause. In *Mattox* a lengthy condition subsequent was set out in the habendum clause. In *Board of Education* there appeared after the habendum clause a condition that title should revert to the grantor if the properties should cease to be used for a nondenominational school.

But we find that in those cases where the granting, habendum and warranty clauses are regular in form and the language delimiting the fee appeared only in the body of the deed following the description, the North Carolina Supreme Court has consistently followed the rule in *Oxendine v. Lewis, supra.*

In the case before us we find that the language following is without force and effect. The judgment of the trial court is the description which tends to delimit the estate thus conveyed

Reversed.

Judges MORRIS and VAUGHN concur.