Waters v. Phosphate Corp.

PAUL R. WATERS AND WIFE, ALMA M. WATERS, AND WACHOVIA
    BANK AND TRUST COMPANY, N.A., TRUSTEE UNDER THE WILL OF
    JAMES A. TINGLE, DECEASED v. NORTH CAROLINA PHOS-
    PHATE CORPORATION, DAVID B. ALLEMAN AND WIFE, RUTH
    G. ALLEMAN, AND ELIZABETH KEYS ALLEMAN WHEELER
    (DIVORCED)

No. 763SC647

(Filed 2 February 1977)

Deeds § 12— inconsistent clauses in deed — conveyance in granting clause
    governs

> Language in a deed which was found only in the same paragraph
> as the description was ineffectual and did not create a valid right of
> reentry on breach of the stated conditions, since the conditions and
> right of reentry were not referred to anywhere else in the deed; an
> unqualified fee was conveyed by the granting clause; and the haben-
> dum clause contained no limitation on the fee conveyed by the grant-
> ing clause.

APPEAL by defendants David B. Alleman, Ruth G. Alleman
and Elizabeth Keys Alleman Wheeler from *Rouse, Judge.* Judg-
ment entered 9 April 1976 in Superior Court, PAMLICO County.
Heard in the Court of Appeals 13 January 1977.

A recital of the factual and procedural background of the
case is unnecessary to an understanding of the question pre-
sented on appeal, which involves the construction of a deed.

The deed in question was prepared on a commercially
printed form. The granting clause is as follows: " . . . [Grant-
ors] do hereby grant and release unto the parties of the second
part, their heirs and assigns forever . . . . " Following the
printed granting clause the lands being conveyed are described.
Following the description, in the same paragraph with the
description, the following language appears:

> "Subject to the following covenants and restrictions which
> will run with and bind the land and will be considered as
> conditions subsequent with right of reentry on breach; that
> no timber shall be cut from any of these premises; that no
> irrigation indebtedness shall be imposed upon this land;
> that no building shall be removed from the premises with-
> out written permission of the parties of the first part
> hereto."

Following the description and in a separate paragraph the *habendum* clause is printed on the form and is as follows: "To HAVE AND To HOLD the premises herein granted unto the parties of the second part, their heirs and assigns forever."

The judge concluded that the language we have quoted from the paragraph containing the description was ineffectual. Summary judgment was granted in favor of plaintiffs against the appealing defendants.

*Gaylord, Singleton & McNally, by Phillip R. Dixon and Louis W. Gaylord, Jr., for plaintiff appellees.*

*Morris, Golding, Blue and Phillips, by William C. Morris, Jr., for defendant appellants.*

VAUGHN, Judge.

The sole question is whether the language in the deed that we have heretofore quoted, and which is found only in the same paragraph with the description, creates a valid right of reentry on breach of the stated conditions. The conditions and the right of reentry are not referred to anywhere else in the deed. The trial judge concluded that the language was ineffectual and we must agree.

We have duly considered the strong arguments in defendants' brief and the astute analysis of the cases discussed therein. We conclude, nevertheless, that our decision must be guided by that of the Supreme Court in *Whetsell v. Jernigan*, 291 N.C. 128, 229 S.E. 2d 183, which affirmed the decision of this Court in *Whetsell v. Jernigan*, 29 N.C. App. 136, 223 S.E. 2d 397. *Whetsell* involved a reverter clause that appeared only at the end of the description and was not referred to elsewhere in the deed. The Court held that the clause was ineffective. We see no significance in any differences between the deed in *Whetsell* and the one in the case at bar insofar as the relevant propositions of law are concerned. There, as here, the conveyance was executed prior to the effective date of G.S. 39-1.1. That statute, in effect, requires the Court to determine the effect of instruments of conveyance containing inconsistent clauses (executed after 1 January 1968) on the basis of the intent of the parties as it appears from *all* of the provisions of the instrument. In *Whetsell*, the Court considered its decisions in *Artis v. Artis*, 228 N.C. 754, 47 S.E. 2d 228; *Oxendine v. Lewis*, 252 N.C.

669, 114 S.E. 2d 706, and similar cases as having established the proposition that words appearing only in the description of a deed are not sufficient to limit the unqualified fee conveyed by the granting clause when the *habendum* clause contains no limitations on the fee therein conveyed and a fee simple title was warranted in the covenants of title. The Court then reasoned that, since the General Assembly provided that its provision should apply to all conveyances executed *after* 1 January 1968, the Court should not change the proposition voiced in *Artis*, *Oxendine* and other earlier cases in interpreting conveyances executed prior to that date.

For the reasons stated, the judgment is affirmed.

Affirmed.

Judges HEDRICK and CLARK concur.