GERALDINE BEVERIDGE, LEVI BEVERIDGE AND WIFE, EUNICE L.
  BEVERIDGE, AND SUSAN BEVERIDGE CARROLL v. WILLIAM F.
  HOWLAND III AND WIFE, VERDYE HOWLAND, LELAND HOWLAND AND
  WIFE, MAYSEL HOWLAND, RALPH L. HOWLAND AND WIFE, MARGARET
  HOWLAND, ELIZABETH BETTY WARREN DAWSON AND HUSBAND, R. G.
  DAWSON, C. G. HOLLAND, JR., TRUSTEE, C. G. HOLLAND, JR., AND WIFE,
  JEANETTE R. HOLLAND, WACHOVIA BANK & TRUST COMPANY,
  MABEL C. UZZELL, AND LANGLEY P. LAND

No. 70

(Filed 2 December 1980)

**Deeds § 11— deed conveying half of tract — entire interest of plaintiffs' prede-
cessors conveyed**

> In a declaratory judgment action where plaintiffs asked the court to adjudge
> that they owned interests in a particular tract of land, the trial court properly
> entered summary judgment for defendants where the tract of land was owned by
> three members of the Howland family; half of the tract was conveyed by a deed
> which provided that "this deed conveys ... the entire estate of L. C. Howland and
> wife ... and Emma J. Howland in the above described land and one-half of the
> whole tract"; and the "four corners" rule applied so that the deed conveyed all of
> the interest of L. C. and Emma, under whom plaintiffs claimed, and a sufficient
> portion of the interest of W. F. Howland, under whom defendants claimed, to
> make up the one-half of the tract.

> Justice BROCK did not participate in the consideration or decision of this case.

APPEAL by plaintiffs from *Strickland, J.*, 1 February 1980
Civil Session, CARTERET Superior Court.

Plaintiffs instituted this action on 7 August 1979 pursuant to
the Declaratory Judgment Act, G.S. § 1-253, *et seq.*, asking the court
to adjudge that they own interests in a tract of land on Shackleford
Banks in Carteret County known as the Mullet Pond Tract.

Defendants Howland and Dawson filed answer denying that
plaintiffs have any interests in the land and pleading certain
further defenses. Defendant Mabel C. Uzzell filed a separate
answer in which she alleged ownership of a 7/32 interest in the land
and denied that plaintiffs own any interest inconsistent thereto.
The other defendants filed answer denying that plaintiffs own any
interest in the land.

This action grew out of an eminent domain proceeding insti-
tuted by the United States of America in the U. S. District Court for
the Eastern District of North Carolina in January of 1978 which

sought to condemn 2,368.64 acres, more or less, of land on the Outer Banks for inclusion in the Cape Lookout National Seashore. That court appointed a special master to determine titles to, and ownership of various parties in, the several tracts of land involved in the project. The special master filed his report on 5 February 1979. In his report he addressed the claim of plaintiffs herein in the Mullet Pond Tract but rejected their contentions. Plaintiffs filed exceptions to the report.

When the report of the special master and exceptions came on for hearing before Federal District Judge John D. Larkins, Jr., he ruled that the claim of plaintiffs "would best be litigated in the courts of the State of North Carolina." Thereupon, he provided that he would take plaintiffs' claim "under advisement pending the outcome of said state court litigation."

Following discovery proceedings in the case *sub judice*, defendants Howland and Dawson moved for summary judgment pursuant to G.S. § 1A-1, Rule 56, on the ground that there is no genuine issue as to any material fact and they are entitled to judgment as a matter of law. Other defendants also moved for summary judgment.

After a hearing on the motion by defendants Howland and Dawson for summary judgment, Judge Strickland allowed the motion and dismissed plaintiffs' action. Plaintiffs appealed and defendants Howland and Dawson petitioned this court to bypass the Court of Appeals on the ground that the subject matter of the appeal has significant public interest. They argued that until the question presented by this appeal is determined, the process of the acquisition of lands on Shackleford Banks for the Cape Lookout National Seashore project cannot proceed. We allowed the petition on 15 July 1980.

*Hiram J. Mayo, Jr., for plaintiff-appellants.*

*Nelson W. Taylor III, for defendant-appellees.*

BRITT, Justice.

The sole issue for our determination is whether the trial court erred in granting defendants' motion for summary judgment and dismissing plaintiffs' action. We hold that it did not err.

Any decision in this action necessarily rests upon the construction of a deed dated 12 March 1895 from W. F. Howland *et al.*, to W. S.

Chadwick. The following facts are not in dispute:

(1) The common source of title to the Mullet Pond tract of land is Elizah Howland.

(2) Following the death of Elizah Howland around 1885, title to the land passed to her five children—Z.J., Ralph, Emma, L. C., and W. F. Howland—as tenants in common.

(3) By deed dated 24 December 1888 Z. J. Howland conveyed all of his interest in the land in question to W. F. Howland.

(4) By deed dated 3 April 1890 Ralph Howland and wife conveyed their one-fifth undivided interest in the land to W. F. Howland.

(5) On 12 March 1895 L. C. Howland and wife, Ralph Howland and wife, Z. J. Howland, Emma J. Howland, and W. F. Howland executed the deed in question to W. S. Chadwick.[1] The granting clause of the deed provides that it conveys to the grantee "one-half of a certain tract or parcel of land" and thereafter is set forth a general description of the Mullet Pond tract containing 450 acres, more or less. Immediately following the description is the following proviso:

> This deed conveys to said party of the second part & his heirs, the entire estate of L. C. Howland and wife Susan P. Ralph Howland and wife Alice G. Z. J. Howland and Emma J. Howland in the above described land and one-half of the whole tract.

The habendum of the deed provides as follows:

> To Have and to Hold the aforesaid half of said tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said W. S. Chadwick and his heirs and assigns . . . .

Plaintiffs claim through L. C. Howland and Emma J. Howland.[2] They argue that at the time the deed to Chadwick was

---

[1]It is not known why Z. J. Howland and Ralph Howland and wife joined in the execution of this deed as they had theretofore conveyed their interest to W. F. Howland.

[2]Plaintiffs and defendants all take the position that the deed to Chadwick conveyed a one-half undivided interest in the entire Mullet Pond tract rather than a geographical half of the tract.

executed, L. C. and Emma each owned a one-fifth interest and that W. F. Howland owned a three-fifths interest; that a one-half undivided interest was conveyed to Chadwick; and that the interest received by Chadwick consisted of one-half of L. C.'s and Emma's two-fifths interest and one-half of W. F.'s three-fifths interest. Defendants Howland and Dawson claim under W. F. Howland and contend that the deed to Chadwick conveyed all of the interest of L. C. and Emma and a sufficient portion of W. F.'s interest to make up the one-half.

Plaintiffs contend that this case is controlled by the principle of law stated in *Artis v. Artis*, 228 N.C. 754, 761, 47 S.E. 2d 228 (1948), as follows:

> Hence it may be stated as a rule of law that where the entire estate in fee simple, in unmistakable terms, is given the grantee in a deed, both in the granting clause and habendum, the warranty being in harmony therewith, other clauses in the deed, repugnant to the estate and interest conveyed, will be rejected.

*See also McCotter v. Barnes*, 247 N.C. 480, 101 S.E. 2d 330 (1958), and *Pilley v. Smith*, 230 N.C. 62, 51 S.E. 2d 923 (1949).[3]

Defendants Howland and Dawson contend that this case is controlled by the principle of law restated in *Lackey v. Hamlet City Board of Education*, 258 N.C. 460, 462, 128 S.E. 2d 806 (1963), as follows:

> In the interpretation of a deed, the intention of the grantor or grantors must be gathered from the whole instrument and every part thereof given effect, unless it contains conflicting provisions which are irreconcilable or a provision which is contrary to public policy or runs counter to some rule of law. *Cannon v. Baker*, 252 N.C. 111, 113 S.E. 2d 44; *Griffin v. Springer*, 244 N.C. 95, 92 S.E. 2d 682; *Dull v. Dull*, 232 N.C. 482, 61 S.E. 2d 255; *Ellis v. Barnes*, 231 N.C. 543, 57 S.E. 2d 772; *Willis v. Trust Co.*, 183 N.C. 267, 111 S.E. 163; *Spring v. Hopkins*, 171 N.C. 486, 88 S.E. 774; 16 Am. Jur., Deeds, Sections 171, 172 and 173, page 534, *et seq.*

---

[3]We are aware of the enactment of Chapter 1182 of the 1967 Session Laws, now codified as G.S. § 39-1.1, but that statute expressly relates to conveyances executed after 1 January 1968.

We reject plaintiffs' contention and agree with defendants. While it is true that the granting clause and the habendum in the deed in question conveyed a fee simple interest to Chadwick, there is nothing in the proviso following the description that is repugnant thereto—that attempts to limit or alter the fee simple interest. Manifestly, the purpose of the proviso was to indicate precisely whose interest in the property constituted the one-half interest conveyed to Chadwick. The rule stated in *Artis* is for the benefit of the grantee in a deed; the proviso in question here does not affect the grantee in any way.

We hold that the rule quoted from *Lackey*, often referred to as the "four corners" rule, applies to the case at hand. Since L. C. and Emma together owned a two-fifths interest, and W. F. owned a three-fifths interest, and Chadwick was being conveyed only a one-half interest, it was appropriate for the deed to set forth the intention of the parties — at least the intention of the grantors — as to whose interests were being conveyed. Although the challenged proviso might have been more artfully drawn, it clearly states that the deed conveys "the entire estate of L. C. . . . and Emma . . . in the above described land . . . ."

For the reasons stated, the judgment of the trial court is

Affirmed.

Justice BROCK did not participate in the consideration or decision in this case.